Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Bernard J. Garbutt III**
+1.212.309.6084
bgarbutt@morganlewis.com

December 12, 2014

**VIA ECF AND BY HAND**

Honorable Sidney H. Stein, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re: *BlackRock Balanced Capital Portfolio (FI), et al. v. Deutsche Bank National Trust Company, et al.*, No. 14-cv-9367

Dear Judge Stein:

We represent Defendants Deutsche Bank National Trust Company ("DBNTC") and Deutsche Bank Trust Company Americas, as trustees (the "Trustees") for the residential mortgage-backed securitization ("RMBS") trusts at issue in the above-referenced case (hereinafter, "BlackRock"), which was just assigned to Judge Berman on December 4, 2014.

We write pursuant to Local Rule 1.6, and Rule 13 of the Rules for the Division of Business Among District Judges ("Rule 13"), to advise the Court that the BlackRock case is related to another case already pending before your Honor, *National Credit Union Administration Board v. Deutsche Bank National Trust Company*, No. 14-cv-8919 ("NCUA"). We also represent Defendant DBNTC as trustee in the NCUA case. Because the BlackRock case and the NCUA case are related, and because the NCUA case was filed first, we request that the BlackRock case be transferred to your Honor. The relatedness of the cases, and the reasons the BlackRock case should be transferred to your Honor, are demonstrated in the attached December 10, 2014 letter to Judge Berman.

On December 10th, pursuant to Rule 13(b)(3) ("Claims of relatedness by other parties"), we submitted the attached letter to Judge Berman. Today, Judge Berman entered a memo endorsement (BlackRock case Dkt.# 6), reflected on the first page of the attached letter, stating:



Hon. Sidney H. Stein, U.S.D.J.
December 12, 2014
Page 2

"Please raise the matter with Judge Stein, unless you have already done so. The 1st filed judge generally makes the determination of relatedness."  See also Rule 13(b)(3).

For the reasons demonstrated in the attached letter, the Trustees respectfully submit that the NCUA and BlackRock cases are related, and that the BlackRock case should be transferred to your Honor, given that the NCUA case was the first-filed case.

Respectfully submitted,

Bernard J. Garbutt III


cc: Counsel of Record via ECF
    BlackRock Counsel via email

DB1/ 81541753.1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/12/14

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Bernard J. Garbutt III
+1.212.309.6084
bgarbutt@morganlewis.com

> Please raise the matter with Judge Stein, unless you have already done so. The 1st filed judge generally makes the determination of relatedness.
>
> SO ORDERED
> Date: 12/13/14
> Richard M. Berman, U.S.D.J.

December 10, 2014

**VIA ECF AND BY HAND**

Hon. Richard M. Berman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *BlackRock Balanced Capital Portfolio (FI), et al. v. Deutsche Bank National Trust Company, et al.*, No. 14-cv-9367

Dear Judge Berman:

We represent Defendants Deutsche Bank National Trust Company ("DBNTC") and Deutsche Bank Trust Company Americas ("DBTCA"), as trustees (the "Trustees") for the residential mortgage-backed securitization ("RMBS") trusts at issue in the above-referenced case (hereinafter, "BlackRock"), which was just assigned to your Honor on December 4, 2014.

We write pursuant to Local Rule 1.6, and Rule 13 of the Rules for the Division of Business Among District Judges ("Rule 13"), to advise the Court that the BlackRock case is related to another case already pending in this District before the Honorable Sidney H. Stein, *National Credit Union Administration Board v. Deutsche Bank National Trust Company*, No. 14-cv-8919 ("NCUA").[1] Both the BlackRock case and the NCUA case relate to the obligations and roles of RMBS trustees concerning RMBS trusts. Because the BlackRock case is related to the NCUA

---

[1] The NCUA case was commenced on November 7, 2014. To date, only the following filings have been made in that case: complaint, statement of relatedness, pro hac vice motions, notices of appearance, Defendant DBNTC's corporate disclosure statement, DBNTC's letter motion requesting, inter alia, that the Judge Stein defer briefing on a motion to dismiss in that case until after the Court of Appeals for the Second Circuit issues a ruling on an issue in *Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chicago v. The Bank of New York Mellon*, No. 13-1776-cv (the "PABF Appeal"), the plaintiffs' opposition to that request, and DBNTC's reply.

Almaty Astana Beijing Boston Brussels Chicago Dallas Dubai Frankfurt Harrisburg Hartford Houston London Los Angeles Miami Moscow
New York Orange County Paris Philadelphia Pittsburgh Princeton San Francisco Santa Monica Silicon Valley Tokyo Washington Wilmington

# Morgan Lewis
COUNSELORS AT LAW

Hon. Richard M. Berman
December 10, 2014
Page 2

case, and because the NCUA case was filed first, the Trustees respectfully request that the BlackRock case be transferred to Judge Stein.

Under Rule 13, the BlackRock case is related to the NCUA case. Assigning the BlackRock case to Judge Stein will promote the interests of justice and efficiency. Rule 13 provides that "[i]n determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." Each of these four considerations counsel that the BlackRock case is related to the NCUA and should be transferred to Judge Stein.

## I. The *BlackRock* Case Concerns The Same Parties, Transactions, And Events As The *NCUA* Case

First, both actions are brought against DBNTC, in its capacity as RMBS trustee for various trusts, as the primary or sole defendant. DBNTC, as trustee, is the only defendant in the NCUA case. In the BlackRock case, DBNTC is the trustee for nearly all of the trusts at issue. Of the 564 separate RMBS trusts at issue in the BlackRock case, DBNTC is the sole trustee for 554 of them (over 98%).[2]

Second, both actions are brought by investors in certificates of the RMBS trusts at issue. The BlackRock case is allegedly brought derivatively, purportedly on behalf of investors in each one of the named trusts, and, in the alternative, as a class action on behalf of a putative class consisting of "all current owners of certificates in the Trusts [at issue] ... that have suffered damages as a result of Deutsche Bank's misconduct alleged herein." BlackRock Comp. ¶ 580. Because the plaintiffs in the NCUA case allege that they purchased certificates in certain of the trusts that are at issue in the BlackRock case, and that they have suffered damages as a result of the alleged acts and omissions of DBNTC, as trustee, they facially appear to be members of the putative class in the BlackRock case. See, e.g., NCUA Comp. ¶¶ 1, 3, 8, & 11.[3]

Third, and related to the second point, there are 121 separate RMBS trusts at issue in the NCUA case. Of those 121 RMBS trusts, 96 (nearly 80%) are also at issue in the BlackRock case. Thus, in addition to the substantial overlap in trusts, the alleged derivative claims in the BlackRock case purportedly overlap with the claims of the NCUA investors in those 96 trusts, and,

---

[2] DBNTC's affiliate, DBTCA, is the trustee of the remaining two percent of trusts at issue in the BlackRock case.

[3] For purposes of this letter, the Trustees accept the allegations of the complaints as true, but explicitly reserve and preserve all rights, claims, and/or defenses.

Case 1:14-cv-09367-RMB Document 4 Filed 12/10/14 Page 3 of 5

**Morgan Lewis**
COUNSELORS AT LAW

Hon. Richard M. Berman
December 10, 2014
Page 3

additionally, the alleged claims of the NCUA investors in those 96 trusts appear to overlap with the claims of the putative class of investors in those same trusts in the BlackRock case.

Fourth, the NCUA and BlackRock cases also involve the same or substantially similar transactions, events, and third parties.

The plaintiffs in both cases allege that DBNTC in its role as RMBS trustee breached its purported obligations to address alleged problems with the mortgage loans held in those RMBS trusts, and allegedly failed to protect the interests of the investors in those trusts. The plaintiffs in both cases contend that the Trustees had obligations under agreements governing the trusts (the "Governing Agreements") to review the mortgage loans in the trusts in order to enforce certain representations and warranties ("R&Ws") made in the Governing Agreements by other parties (mortgage loan originators and RMBS sponsors). Those parties, which directly or indirectly conveyed mortgage loans to the trusts, allegedly breached those R&Ws. Both sets of plaintiffs also allege that the trustees had the obligation to act prudently following the alleged occurrence of "Events of Default" (as defined in the Governing Agreements). According to plaintiffs in both cases, the Trustees did not fulfill these obligations, which purportedly caused losses to investors in the trusts. Compare NCUA Comp. ¶¶ 1-18 with BlackRock Comp. ¶¶ 1-20.

Moreover, the allegations in both the NCUA and BlackRock cases center on many of the same entities—i.e., the parties to the Governing Agreements for the trusts. There are a considerable number of allegations in the NCUA complaint regarding the mortgage loan originators, RMBS sponsors, and mortgage loan servicers for the RMBS trusts. See NCUA Comp. ¶¶ 108-315, & 368. The BlackRock complaint also focuses on these same entities acting in their roles as mortgage loan originators, RMBS sponsors, and mortgage loan servicers. See BlackRock Comp. ¶¶ 314-56, 361-93, & 442-92. Specifically, both complaints include remarkably similar allegations regarding the following mortgage loan originators, RMBS sponsors, and/or mortgage loan servicers:

| Entity | NCUA Complaint ¶¶ | BlackRock Complaint ¶¶ |
|---|---|---|
| American Home | 108-15 | 332-35 |
| Ameriquest/Argent | 116-40 | 326-31 |
| Fremont | 167-73 | 345-51 |
| Impac | 187-92 | 336-39 |
| IndyMac | 193-213 | 314-18 |

Case 1:14-cv-09367-RMB Document 4 Filed 12/10/14 Page 4 of 5

**Morgan Lewis**
COUNSELORS AT LAW

Hon. Richard M. Berman
December 10, 2014
Page 4

| Morgan Stanley | 214-25 | 361-68 |
| New Century | 233-61 | 319-25 |
| Option One | 262-76 | 340-44 |
| Wells Fargo | 294-307 | 352-56 |

Thus, the NCUA and BlackRock cases plainly concern many of the same parties, trusts, transactions, events, and third parties.

## II. There Is Substantial Factual Overlap Between The *Blackrock* And *NCUA* Cases

There is substantial factual overlap between the BlackRock and NCUA cases. Both complaints attempt to allege that the Trustees knew, or should have known, that many of the mortgage loans that were conveyed to the trusts breached the mortgage loan originators' and RMBS sponsors' R&Ws, and that the mortgage loan servicers also breached the Governing Agreements. Compare NCUA Comp. ¶¶ 89-356 with BlackRock Comp. ¶¶ 298-493. Many of these allegations are nearly identical. For example, plaintiffs in both cases allege that the Trustees knew, or should have known, about these alleged breaches due to, inter alia: high delinquency and default rates of the loans in the trusts (compare NCUA Comp. ¶¶ 317-32 with BlackRock Comp. ¶¶ 300-02), credit downgrades (compare NCUA Comp. ¶¶ 326-32 with BlackRock Comp. ¶¶ 402-03), government suits and investigations (compare NCUA Comp. ¶¶ 211 & 222 with BlackRock Comp. ¶¶ 316 & 363), settlements (compare NCUA Comp. ¶¶ 344-49 with BlackRock Comp. ¶¶ 421-30), and repurchase litigation initiated by the Trustees. Compare NCUA Comp. ¶¶ 350-56 with BlackRock Comp. ¶¶ 431-41. Indeed, plaintiffs in both cases cite the same sources. Compare NCUA Comp. ¶¶ 94-95, & 351-52 with BlackRock Comp. ¶¶ 305-06, & 433-34. For all of these reasons and those described in Section I above, there is substantial factual overlap between the two cases.

## III. The Parties In Both Cases Could Be Subjected To Conflicting Orders

There is a very real possibility of subjecting the parties in these cases to conflicting orders. As discussed above, the cases involve many of the exact same parties, trusts, allegations, and third parties. At the heart of both cases is the issue of whether the Trustees breached their obligations to address alleged problems with the mortgage loans held in the RMBS trusts at issue. Thus, the court or courts presiding over these cases will ultimately decide the same legal issues regarding the same defendant, investors, trusts, mortgage loan originators, RMBS sponsors, and mortgage loan servicers. Although the Trustees are adamant that the claims and allegations in both cases

Case 1:14-cv-09367-RMB Document 4-1 Filed 12/22/14 Page 5 of 5

Case 1:14-cv-09367-RMB   Document 4   Filed 12/10/14   Page 5 of 5


Morgan Lewis
COUNSELORS AT LAW

Hon. Richard M. Berman
December 10, 2014
Page 5

lack merit, different rulings regarding whether DBNTC, as trustee, breached its obligations with respect to the trusts at issue could subject the parties to conflicting orders.

### IV. Absent A Determination Of Relatedness, There Would Be A Substantial Duplication Of Effort And Expense And Undue Burden On The Court

Because of all of the foregoing similarities between these cases, there would be a substantial duplication of effort and expense and undue burden upon the District Courts absent a determination of relatedness.

\* \* \*

For all of the foregoing reasons, the Trustees respectfully submit that the NCUA and BlackRock cases are related, and that the BlackRock case should be transferred to Judge Stein, given that the NCUA case was the first-filed case.

Respectfully submitted,

Bernard J. Garbutt III

cc: Counsel of Record via ECF