Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

**Morgan Lewis**
COUNSELORS AT LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

Bernard J. Garbutt III
+1.212.309.6084
bgarbutt@morganlewis.com

January 12, 2015

**BY ECF AND HAND DELIVERY**

Hon. Richard M. Berman, U.S.D.J.
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

[Handwritten order:] Plaintiffs to respond by letter (3 page, double spaced) by 1/23/15. This matter will be discussed at the initial conference on 2/11/15 @ 10:00.

SO ORDERED:
Date: 1/14/15
Richard M. Berman, U.S.D.J.

Re: *BlackRock Balanced Capital Portfolio (FI), et al. v.*
*Deutsche Bank Nat'l Trust Co., et al.*, No. 1:14-cv-09367-RMB

Dear Judge Berman:

We represent Defendants Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, as trustees (the "Trustees") of the 564 residential mortgage-backed securitization ("RMBS") trusts (the "Trusts") at issue in the above-referenced action. We write to alert the Court to important jurisdictional issues regarding nearly 90% of the Trusts at issue in the Complaint, and to request a pre-motion conference to address the appropriate sequencing of the Trustees' FRCP 12(b) motions in light of those jurisdictional issues. Specifically, the Trustees request that the parties first brief a FRCP 12(b)(1) motion directed at whether this Court lacks subject-matter jurisdiction over nearly 90% of the claims at issue in this case, and that the Court first decide that motion, before the parties are required to brief FRCP 12(b)(6) motions directed at the sufficiency of the allegations in Plaintiffs' complaint (the "Complaint"). This Court's subject-matter jurisdiction over these claims is a threshold issue that is appropriate and advisable for the Court to resolve first. Young-Gibson v. Patel, 476 F. App'x 482, 483 (2d Cir. 2012).

As the Trustees explained in correspondence previously filed with this Court (Dkt. # 23),

Hon. Richard M. Berman
January 12, 2015
Page 2



Morgan Lewis
COUNSELORS AT LAW

the Complaint is Plaintiffs' third attempt to bring claims against the Trustees. Plaintiffs originally brought their claims in New York State court, subsequently sought to voluntarily dismiss those claims, and then filed the Complaint in this court. When Plaintiffs did so, presumably they were cognizant of, and addressed in their Complaint, this court's subject-matter jurisdiction over their claims. However, the Complaint does not plead any basis for federal jurisdiction over nearly 90% of the claims asserted therein. This is so for at least three reasons.

First, as Plaintiffs' counsel recently conceded in another, similar case against a different RMBS trustee,[1] this Court lacks federal jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), due to the CAFA securities exemption found in 28 U.S.C. § 1332(d)(9)(C). Because this action involves claims that "relate[] to the rights, duties, and obligations" created by the Trusts' governing agreements pursuant to which the securities were issued, CAFA does not provide a basis for subject-matter jurisdiction here.[2]

Second, as Plaintiffs' counsel also recently conceded in that other, similar case (see supra note 1, Jan. 6, 2015 Hr'g Tr. at 3:12-7), there is no federal question jurisdiction under the Trust Indenture Act of 1939 (the "TIA") with respect to 500 (nearly 90%) of the 564 Trusts at issue in this action that were created and are governed by "Pooling and Servicing Agreements" or analogous agreements (the "Non-Indenture Trusts"). After Plaintiffs' Complaint was filed, the Second Circuit Court of Appeals held unequivocally that the TIA does not apply to the Non-Indenture Trusts. Ret. Bd. of the Policemen's Annuity & Benefit Fund v. The Bank of N.Y. Mellon, No. 13-cv-1776, 2014 WL 7272269, at *14 (2d Cir. Dec. 23, 2014) ("PABF").

Third, we disagree with the anticipated position of Plaintiffs' counsel that this Court should exercise supplemental jurisdiction over this entire case about 564 separate and materially

---

[1] See Jan. 6, 2015 Hr'g Tr. at 9:1-20 in Blackrock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, Nat'l Assoc., et al., No. 14-cv-9366-SAS. If the Court so desires, the Trustees will provide the transcript.

[2] See BlackRock Fin. Mgmt, Inc. v. Segregated Account of AMBAC Assur. Corp., 673 F.3d 169 (2d Cir. 2012); Greenwich Fin. Servs. Distressed Mortg. Fund 3, LLC v. Countrywide Fin. Corp., 654 F. Supp. 2d 192, 195-98 (S.D.N.Y. 2009).

Hon. Richard M. Berman
January 12, 2015
Page 3



Morgan Lewis
COUNSELORS AT LAW

different Trusts, based solely upon TIA federal question jurisdiction over the mere 11% of the Trusts that were created and are governed by indenture agreements (the "Indenture Trusts").

The extent to which this Court has jurisdiction to hear this case presents significant case management issues that warrant a tailored sequencing at the outset of the case. Each of the 564 Trusts was created and is governed by a separate and distinct agreement or set of agreements, with different provisions, executed by different parties, and involving different mortgage loans. As the Second Circuit admonished in its PABF decision, the claims against the Trustees must be scrutinized on a "loan-by-loan and trust-by-trust" basis. PABF, 2014 WL 7272269, at *7. Moreover, the legal and factual issues relating to the Indenture Trusts are distinct from those relating to the Non-Indenture Trusts. Simply stated, the claims relating to the Non-Indenture Trusts over which the Court lacks jurisdiction will substantially predominate over claims related to the small number of Indenture Trusts. See 28 U.S.C. § 1367(c)(2), (3); see, e.g., Oneida Indian Nation of N.Y. v. Madison County, 665 F.3d 408, 437 (2d Cir. 2011).

In light of the foregoing, the Trustees respectfully propose the following briefing process:

1. The Trustees will first file a separate motion to dismiss pursuant to FRCP 12(b)(1) to determine the scope of the Court's subject-matter jurisdiction;
2. If the Court determines that it has subject-matter jurisdiction over the entire action, the Trustees will then file motions to dismiss pursuant to FRCP 12(b)(6). The Trustees will seek another pre-motion conference prior to bringing those motions; and
3. Alternatively, if the Court finds, as the Trustees respectfully submit it should, that it lacks subject-matter jurisdiction over the claims related to the Non-Indenture Trusts, Plaintiffs will be given 60 days to amend their complaint to address this subject-matter jurisdiction issue accordingly. The Trustees will then be given 60 days to respond to the amended complaint, and the parties given leave to meet and confer regarding the filing of the opposition and reply.

Respectfully submitted,

Bernard J. Garbutt III