UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————— X
BLACKROCK BALANCED CAPITAL : Case No. 1:14-cv-9367
PORTFOLIO (FI) et al., derivatively, on behalf :
of the Trusts Identified in Exhibit 1, : Hon. Richard M. Berman

     Plaintiffs, : STIPULATION AND [PROPOSED]
 -against- : AGREED PROTECTIVE ORDER

DEUTSCHE BANK NATIONAL TRUST :
COMPANY; and DEUTSCHE BANK TRUST :
COMPANY AMERICAS,

     Defendants,
 -and-

The Trusts Identified in Exhibit 1,

     Nominal
     Defendants.
———————————————————————— X
BLACKROCK ALLOCATION TARGET :
SHARES: SERIES S PORTFOLIO, et al., :

     Plaintiffs, : Case No. 1:14-cv-9371-RMB
 -against-

WELLS FARGO BANK, NATIONAL :
ASSOCIATION,

     Defendant,
 -and-

The Trusts Identified in Exhibit 1,

     Nominal
     Defendants.
———————————————————————— X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/2015

| | |
|---|---|
| ROYAL PARK INVESTMENTS SA/NV, Individually and on Behalf of All Others Similarly Situated,<br><br>                 Plaintiffs,<br><br>-against-<br><br>WELLS FARGO BANK, N.A., as Trustee,<br><br>                 Defendant. | Case No. 1:14-cv-9764-RMB |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, Southwest Corporate Federal Credit Union, and Constitution Corporate Federal Credit Union, in its own right, and on behalf of NCUA GUARANTEED NOTES TRUST 2010-R1, NCUA GUARANTEED NOTES TRUST 2010-R2, NCUA GUARANTEED NOTES TRUST 2010-R3, NCUA GUARANTEED NOTES TRUST 2011-R1, NCUA GUARANTEED NOTES TRUST 2011-R2, NCUA GUARANTEED NOTES TRUST 2011-R3, NCUA GUARANTEED NOTES TRUST 2011-R4, NCUA GUARANTEED NOTES TRUST 2011-R5, NCUA GUARANTEED NOTES TRUST 2011-R6, NCUA GUARANTEED NOTES TRUST 2011-M1,<br><br>                 Plaintiffs,<br><br>-against-<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>                 Defendant. | Case No. 1:14-cv-10067-RMB |

```
                                          X
PHOENIX LIGHT SF LIMITED, in its own      :
right and the right of BLUE HERON         :
FUNDING II LTD., BLUE HERON               :
FUNDING V LTD., BLUE HERON                :
FUNDING VI LTD., BLUE HERON               :   Case No. 1:14-cv-10102-RMB
FUNDING VII LTD., BLUE HERON              :
FUNDING IX LTD., C-BASS CBO XIV           :
LTD., C-BASS CBO XVII LTD., KLEROS        :
PREFERRED FUNDING V PLC, SILVER           :
ELMS CDO PLC and SILVER ELMS CDO II       :
LIMITED; and each of BLUE HERON           :
FUNDING II LTD., BLUE HERON               :
FUNDING V LTD., BLUE HERON                :
FUNDING VI LTD., BLUE HERON               :
FUNDING VII LTD., BLUE HERON              :
FUNDING IX LTD., KLEROS PREFERRED         :
FUNDING V PLC, SILVER ELMS CDO PLC        :
and SILVER ELMS CDO II LIMITED, in their  :
own right,                                :
                                          :
                                          :
                       Plaintiffs,        :
                                          :
    -against-                             :
                                          :
WELLS FARGO BANK, N.A.,                   :
                                          :
                       Defendant.         :
                                          X
```

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, by and among all of the named Plaintiffs in each of the five above-captioned actions ("Plaintiffs") and Defendants Deutsche Bank National Trust Company ("DBNTC"), Deutsche Bank Trust Company Americas ("DBTCA"), and Wells Fargo Bank, National Association ("Wells Fargo"), in their capacities as trustees (collectively, the "Trustees"), in the above-captioned actions (the "Actions," and each an "Action") (Plaintiffs and the Trustees are, collectively, referred to as "Parties," and each

individually, as a "Party"), through their undersigned counsel, that the following provisions of this Stipulation and Agreed Protective Order (the "Stipulation and Order") govern disclosure and use by the Parties of all documents, testimony, transcripts, video, audio, exhibits, interrogatory answers, responses to requests for admission, electronically stored information ("ESI"), and any other materials and information (including, to avoid any ambiguity, any copies, summaries, or derivations thereof) produced or provided by the Parties or any non-party during discovery in the Actions (collectively, "Discovery Material(s)"):

1. This Stipulation and Order is entered to facilitate the production, exchange, and discovery of Discovery Materials that merit confidential or highly confidential treatment.

2. All Discovery Materials produced or disclosed in connection with these Actions shall be used solely for the prosecution or the defense of these Actions (including any appeal therefrom).

3. A Party, non-party, person or other entity that produces or discloses Discovery Materials in connection with these Actions shall be referred to herein as the "Disclosing Party."

4. A Party, non-party, person or other entity that receives Discovery Materials in connection with these Actions shall be referred to herein as the "Receiving Party."

5. "Document" shall have the meaning assigned in Local Rule 26.3, and shall also include any recorded form of information, whether in printed, electronic, or other format, including deposition transcripts, answers to interrogatories, and other discovery requests and responses.

6. Any Disclosing Party may, subject to the provisions of this Stipulation and Order, designate as "Confidential" any Discovery Material that the Disclosing Party reasonably and in good faith contends contains currently confidential and/or proprietary business or personal

information, and that the Disclosing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, and thus requires the protections provided in this Stipulation and Order. The Parties agree that any Discovery Material containing "Nonparty Borrower Information" (as defined in Paragraph 8 below) shall be designated, at the very least, as "Confidential."

7. Any Disclosing Party may, subject to the provisions of this Stipulation and Order, designate as "Highly Confidential" any Discovery Material that the Disclosing Party reasonably and in good faith contends contains currently sensitive confidential and/or proprietary personal, customer, business, financial, technical, and/or commercially sensitive competitive information, or trade secrets, that the Disclosing Party maintains as highly confidential in its business, and thus requires the protections provided in this Stipulation and Order. By designating Discovery Material as "Highly Confidential," the Disclosing Party affirms that its counsel of record in these Actions has reviewed the Discovery Material and made a good faith determination that it qualifies for protection as "Highly Confidential."

8. For purposes of this Stipulation and Order, "Nonparty Borrower Information" shall mean any information that constitutes "nonpublic personal information" within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809 and its implementing regulations, including, but not limited to, any portion of a mortgage loan file, spreadsheet or other document that includes financial or credit information for any person (including any credit history, report, or score obtained on any such person to determine the person's eligibility for credit) and/or any personally identifiable information with respect to such person, including, but not limited, to name, address, social security number, loan number, telephone number, or place or position of work. As set forth in Paragraph 11 below, this Stipulation and Order authorizes

the disclosure of such Nonparty Borrower Information in these Actions without redaction; however, if any Party submits Discovery Material containing Nonparty Borrower Information to the Court, the information constituting Nonparty Borrower Information must first be redacted in accordance with Federal Rule of Civil Procedure 5.2.

9. Discovery Material designated "Confidential" shall be referred to herein as "Confidential Discovery Material." Discovery Material designated "Highly Confidential" shall be referred to herein as "Highly Confidential Discovery Material." No designation of Confidential Discovery Material or Highly Confidential Discovery Material (other than with respect to ESI) shall be effective unless there is placed on, or affixed to, the materials (in such manner as will not interfere with the legibility thereof) a "Confidential" or "Highly Confidential" stamp, sticker, mark, notice, or the equivalent (collectively, a "Stamp"), or, in the case of depositions, as set forth in Paragraph 17, below. ESI designated as "Confidential" or "Highly Confidential" shall be so designated by including a "Confidential" or "Highly Confidential" notice in the body of the electronic document or by affixing a Stamp with such notice to the medium (including, but not limited to, tapes, CDs, DVDs and flash drives) on which the ESI is stored before copies are delivered to a Receiving Party. Printouts of any such ESI designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be treated in accordance with the terms of this Stipulation and Order. Notwithstanding the foregoing, Excel documents or any other type of electronically stored information produced in native format (together, "Natively Produced ESI") need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate Stamp. Instead, the Disclosing Party shall use reasonable means to designate "Confidential" or "Highly Confidential" as appropriate, by (a) producing a TIFF placeholder image corresponding to the

Natively Produced ESI that includes a "Confidential" or "Highly Confidential" Stamp; and (b) including "Confidential" or "Highly Confidential," as appropriate, on the label of the media or in the transmittal e-mail containing the Natively Produced ESI.

10. Whenever a Disclosing Party designates Discovery Material as "Highly Confidential," the Disclosing Party shall, contemporaneous with the production of the Discovery Material, or the designation of the Discovery Material as "Highly Confidential," provide written notice (in the form of a cover letter or otherwise) that the production includes Highly Confidential Discovery Material.

11. The Receiving Party may at any time challenge the designation of one or more Discovery Materials on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection initially asserted. If the Disclosing Party agrees, it shall promptly notify the Receiving Party that it is withdrawing or changing the designation. To the extent any federal or state law or other legal authority governing the disclosure or use of Nonparty Borrower Information (hereinafter, "Nonparty Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Stipulation and Order shall constitute compliance with such requirement. To the extent any Nonparty Borrower Information Law requires a Disclosing Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Nonparty Borrower Information, the Court finds that, in view of the protections provided for the information disclosed in this Stipulation and Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Stipulation and Order shall constitute an express direction that the Disclosing Party is exempted from obtaining a court-ordered subpoena or having to notify and/or

obtain consent from any person or entity prior to the disclosure of Nonparty Borrower Information. To the extent that any Nonparty Borrower Information Law requires that any person or entity be notified prior to disclosure of Nonparty Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Stipulation and Order, the volume of documents to be produced and the ongoing oversight of the Court, Disclosing Parties are explicitly prohibited from providing such notice; provided, however, that this Stipulation and Order shall not prohibit any Disclosing Party from contacting any person or entity for any other purpose. Any Disclosing Party may seek additional orders from this Court that such Party believes may be necessary to comply with any Nonparty Borrower Information Law. Notwithstanding the foregoing, a Disclosing Party may elect to provide Nonparty Borrower Information to the Receiving Party only through a confidential and secure data portal controlled by the Disclosing Party. The Receiving Party does not waive and reserves all rights to seek production in a different manner.

12. The designation of any Discovery Material as Confidential or Highly Confidential is not intended to, and shall not be construed as, an admission that the Discovery Material is relevant, not subject to an applicable privilege or other immunity or protection from disclosure, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

13. This Stipulation and Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, attorney-client privilege, the joint defense privilege, the common interest privilege, the work product doctrine, the self-analysis privilege, the privilege accorded subsequent remedial measures, the bank examination privilege, bank regulatory laws and regulations, bank secrecy laws, blocking laws, criminal or civil laws (including privacy laws), or

any other applicable privilege or doctrine protecting such documents from disclosure (collectively referred to as "privilege[s]"), and is without prejudice to any other Party's right to contest such a claim of privilege.

14. The inadvertent production of any Discovery Material in these Actions shall be without prejudice to any claim that such material is privileged, and no Party shall have waived any claims or arguments under the inadvertent production doctrine. In order to claw back Discovery Material purportedly protected from disclosure by privilege that was produced inadvertently, the Parties must promptly do as follows:

(a) The Disclosing Party must provide notice in writing to the Receiving Party specifying the production number of (or otherwise identifying with sufficient specificity) the Discovery Material it wishes to claw back, and the basis of the claim of privilege relied upon in support of its claw-back request;

(b) The Receiving Party must use reasonable efforts to destroy or return to the Disclosing Party all copies of the inadvertently produced Discovery Materials in its possession, custody or control, and notify the Disclosing Party, or any other Party purporting to hold a privilege, that they have done so;

(c) The Receiving Party must take reasonable steps to retrieve and destroy the inadvertently produced Discovery Materials from other persons, if any, to whom such Discovery Materials have been provided and notify the Disclosing Party that they have done so; and

(d) Notwithstanding the provisions set forth above, if the Receiving Party(ies) dispute(s) the Disclosing Party's claim or believes the privilege has been waived, the Receiving Party shall promptly sequester the inadvertently produced Discovery Material, including all copies, and the Parties shall promptly meet and confer. If the Parties cannot resolve the issue, the