any other applicable privilege or doctrine protecting such documents from disclosure (collectively referred to as "privilege[s]"), and is without prejudice to any other Party's right to contest such a claim of privilege.

14. The inadvertent production of any Discovery Material in these Actions shall be without prejudice to any claim that such material is privileged, and no Party shall have waived any claims or arguments under the inadvertent production doctrine. In order to claw back Discovery Material purportedly protected from disclosure by privilege that was produced inadvertently, the Parties must promptly do as follows:

(a) The Disclosing Party must provide notice in writing to the Receiving Party specifying the production number of (or otherwise identifying with sufficient specificity) the Discovery Material it wishes to claw back, and the basis of the claim of privilege relied upon in support of its claw-back request;

(b) The Receiving Party must use reasonable efforts to destroy or return to the Disclosing Party all copies of the inadvertently produced Discovery Materials in its possession, custody or control, and notify the Disclosing Party, or any other Party purporting to hold a privilege, that they have done so;

(c) The Receiving Party must take reasonable steps to retrieve and destroy the inadvertently produced Discovery Materials from other persons, if any, to whom such Discovery Materials have been provided and notify the Disclosing Party that they have done so; and

(d) Notwithstanding the provisions set forth above, if the Receiving Party(ies) dispute(s) the Disclosing Party's claim or believes the privilege has been waived, the Receiving Party shall promptly sequester the inadvertently produced Discovery Material, including all copies, and the Parties shall promptly meet and confer. If the Parties cannot resolve the issue, the

Receiving Party may submit the disputed Discovery Material, under seal, to the Court for determination of the claim of privilege.

15.     If, during a deposition, a Party claims that Discovery Material being used in the deposition (*e.g.*, a document marked as an exhibit, shown to the witness, or made the subject of examination) is subject to privilege, it may at its sole election: (a) allow the Discovery Material to be used in the deposition without waiver of its claim of privilege, or (b) instruct the witness not to answer questions concerning the Discovery Material pending a prompt resolution of any disagreement concerning the Discovery Material's purported privileged status.  If the Party allows the examination concerning the Discovery Material to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged Discovery Material.  Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraph to address the claim of privilege, including the notice requirement set forth in Paragraph 14.  Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Confidential.  If any Party instructs the witness not to answer questions concerning the Discovery Material, the Parties will then cooperate in promptly submitting the issue of the Discovery Material's status to the Court.  If the Discovery Material is ultimately determined not to be privileged, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given an opportunity to depose the witness about the Discovery Material, which shall be at the earliest practicable time for the witness and its counsel.

16.     If a Disclosing Party inadvertently discloses Confidential Discovery Material or Highly Confidential Discovery Material without designating it as such, the Disclosing Party shall inform the Receiving Party of such inadvertent disclosure within fourteen (14) days of its

- 10 -

discovery. Promptly after providing such notice, the Disclosing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the new designation. The Receiving Party or Parties shall replace the originally designated material with the newly designated material and shall destroy the incorrectly designated material. The Receiving Party shall thereafter treat the information as Confidential Discovery Material or Highly Confidential Discovery Material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material or Highly Confidential Discovery Material, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further such disclosure. The failure to advise the Receiving Party of such inadvertent disclosure within fourteen (14) days after discovery shall not constitute a waiver of any confidentiality designation or an admission by the Disclosing Party that such information is not confidential.

17.     A Disclosing Party may, on the record of a deposition, or within thirty (30) days after receipt of the transcript of such deposition, designate any portion or portions of the deposition as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Order. Until such time period expires without any designation having been made, the entire deposition transcript shall be treated as "Highly Confidential" unless otherwise specified in writing or on the record of the deposition by the Disclosing Party. All copies of deposition transcripts that contain material designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be bound in separate volumes and prominently marked "Confidential" or "Highly Confidential" on the cover thereof. Objections to the designation of Confidential Discovery Material or Highly Confidential Discovery Material under this Paragraph 17 shall be governed by the procedure set forth in Paragraph 28, below.

18. Each Party shall have the responsibility, through counsel, to advise the Disclosing Party promptly of any compromises of the confidentiality of Confidential Discovery Material or Highly Confidential Discovery Material. The Party that disclosed the Confidential Discovery Material or Highly Confidential Discovery Material to a Party or person not authorized under this Stipulation and Order to receive such Confidential Discovery Material or Highly Confidential Discovery Material shall make commercially reasonable efforts to bind such person or Party to the terms of this Stipulation and Order; and shall, as soon as practicable, but in any event, no later than five (5) business days after discovery by counsel of record of such disclosure (a) inform such person of all the provisions of this Stipulation and Order; (b) request such person to execute the Undertaking Regarding Stipulation And Agreed Protective Order With Respect to Discovery Materials, which is Exhibit A hereto (the "Undertaking"); (c) make commercially reasonable efforts to retrieve all copies of the Confidential Discovery Material or Highly Confidential Discovery Material; and (d) notify the Disclosing Party in writing of the unauthorized disclosure and the identity of such person. If such person executes the Undertaking, a copy of the executed Undertaking shall promptly be sent to the Disclosing Party. The Parties agree that irreparable harm would occur in the event of unauthorized disclosure of Confidential Discovery Material or Highly Confidential Discovery Material. Accordingly, the Parties shall be entitled to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Confidential Discovery Material or Highly Confidential Discovery Material.

19. Subject to any other written agreement among or between the Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Disclosing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the

enforcement of insurance rights with respect to, these Actions. Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual repurchase demands, any purpose related to any other investigation or proceeding or evaluation of other potential claims unrelated to the causes of action and transactions at issue in these Actions. Confidential Discovery Material and Highly Confidential Discovery Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Order.

20.  Except as otherwise specifically provided in this Stipulation and Order, absent the prior express written consent of the Disclosing Party, Confidential Discovery Material shall not be disclosed, summarized or otherwise made available to anyone except the following persons:

(a)  the Court and court personnel, any appellate court in these Actions, and jurors;

(b)  the Parties' in-house and outside counsel participating in the prosecution and defense of these Actions and their legal, clerical, or support staff, including temporary or contract staff;

(c)  professional court reporters, stenographers, or video and/or audio operators transcribing, recording, or taping depositions or testimony in these Actions;

(d)  expert witnesses or consultants who are employed or retained by a Party in connection with the prosecution or defense of these Actions, provided that counsel, in good faith, requires their assistance in connection with these Actions, and further provided that any part of a report created by such expert or consultant relying on or incorporating Confidential Discovery Material or Highly Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" or "Highly Confidential," as the case may be, by the Party responsible for its

creation; and *provided further* that the experts or consultants may not use Confidential Discovery Material to their competitive advantage or for any purpose that does not relate to the five above-captioned Actions;

    (e)  deponents and witnesses or prospective deponents or witnesses (and counsel for such deponents or witnesses) to the extent reasonably believed by counsel to be necessary in connection with their testimony in these Actions or the preparation thereof; provided, however, that a person identified solely in this Subparagraph 20(e) shall not be permitted to retain copies of such Confidential Discovery Materials or Highly Confidential Discovery Materials;

    (f)  vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearing, including outside photocopying, data processing, graphic production services, litigation support services or investigators employed by the Parties or their counsel to assist in these Actions, and information technology personnel performing duties in relation to a computerized litigation system;

    (g)  any mediator or arbitrator engaged by the named Parties to these Actions;

    (h)  the insurers and reinsurers of the Parties to these proceedings, and counsel to such insurers and reinsurers as necessary for the prosecution or defense of these Actions;

    (i)  a non-party (including a former officer, director or employee of a Party) who authored or previously received the Confidential Discovery Material or Highly Confidential Discovery Material;

    (j)  the officers, directors and employees of the Parties and/or Court-appointed class representatives in these Actions who have responsibility for supervising, maintaining,

defending, or evaluating these Actions and /or issues involved in these Actions (and their supporting personnel); and

    (k)  any other person agreed to by the Parties in writing.

  21.  Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, Discovery Material designated as Highly Confidential Discovery Material may be disclosed only to the following persons:

    (a)  any person permitted to receive Confidential Discovery Material identified in Subparagraphs 20(a)-20(i) and 20(k) (to the extent that independent experts or consultants are relying on or incorporating Highly Confidential Discovery Material in their reports, the reports shall be designated "Highly Confidential," for avoidance of doubt, the Parties understand that Highly Confidential Discovery Material shall not be used for business advantage or competitive purposes);

    (b)  the members of the board of directors of Plaintiffs;

    (c)  the members of the board of directors of DBNTC and DBTCA;

    (d)  the following DBNTC employees (or any persons that may hold their respective positions in the future): Gary Vaughan, Managing Director and Head of Corporate Trust Americas Issuer Services, GTB –Institutional Cash & Securities Services (ICSS); David Co, Director and Head of ABS/MBS Trust & Document Custody, Institutional Cash & Securities Services (ICSS); and Ronaldo R. Reyes, Vice President Institutional Cash & Securities Services (ICSS), GTB –Institutional Cash & Securities Services (ICSS);

    (e)  the following Wells Fargo employees (or any persons that may hold their respective positions in the future): **[TO BE PROVIDED BY JONES DAY]**; and

    (f)  any other person to whom the Disclosing Party agrees to disclose the Highly Confidential Discovery Material on the record at a deposition or court proceeding in advance of the disclosure.

  22.  A Party may change the designation of any Discovery Material that contains Confidential Discovery Material or Highly Confidential Discovery Material produced by another Disclosing Party without a designation of "Confidential" or "Highly Confidential," or designate any Discovery Material produced as "Confidential" as "Highly Confidential," provided that such Discovery Material contains the upward designating Party's own Confidential Discovery Material or Highly Confidential Discovery Material. Upward designations shall be accomplished by providing written notice to all Parties identifying (by production number, transcript line and page number, or other individually identifiable information) the Discovery Material whose designation is to be increased. Promptly after providing such notice, the upward designating Party shall provide re-labeled copies of the Discovery Material to each Receiving Party reflecting the new designation. The Receiving Party or Parties shall replace the originally designated Discovery Material with the newly designated material and shall destroy the incorrectly designated material. Any Party may object to the upward designation of Discovery Materials pursuant to the procedures set forth in Paragraph 28 of this Stipulation and Order. The upward designating Party shall bear the burden of establishing the basis for the enhanced designation.

  23.  The terms "counsel," "expert," and "investigator" include their staff who are involved with, and reasonably necessary to assist, such counsel, expert or investigator in, the preparation of this litigation.

24. All persons to whom Confidential Discovery Material or Highly Confidential Discovery Material is disclosed pursuant to Paragraph 20(b)-(i) as applicable above shall, prior to disclosure, be advised of the contents of this Stipulation and Order. All persons to whom Confidential Discovery Material or Highly Confidential Discovery Material is disclosed solely pursuant to Subparagraphs 20(d)-20(f) and 20(i)-20(k) and Paragraph 21 shall be required to execute an Undertaking, evidencing their agreement to the terms of this Stipulation and Order.

25. Each Receiving Party shall use due care with respect to the storage, custody, use, and/or dissemination of Confidential Discovery Material and Highly Confidential Discovery Material. A person with custody of Discovery Material designated Confidential or Highly Confidential shall use commercially reasonable efforts to maintain them in a manner that limits access to those persons entitled under this Stipulation and Order to examine the Discovery Material so designated.

26. Nothing herein shall restrict a qualified recipient from making working copies, abstracts, and digests, of Confidential Discovery Material or Highly Confidential Discovery Material for use in connection with this litigation, and such working copies, abstracts, and digests, shall be deemed to have the same level of protection as other Confidential Discovery Material or Highly Confidential Discovery Material. Further, nothing herein shall restrict a qualified recipient from converting or translating such Confidential Discovery Material or Highly Confidential Discovery Material into machine-readable form for incorporation in a data retrieval system used in connection with this litigation, provided that access to such information, in whatever form stored or reproduced, shall be limited to those qualified recipients set forth in Paragraphs 20 and 21.

27. If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, shall, no later than five (5) business days after receiving such subpoena or request, give written notice to the Disclosing Party and include with such notice a copy of the subpoena or request. The person to whom the subpoena or request is directed also shall make all reasonable good faith efforts to provide to the Disclosing Party a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Discovery Materials, before the person to whom the subpoena or request is directed takes any action to comply with the subpoena or request. In no event shall such Discovery Materials subject to this Stipulation and Order be produced by a person receiving a subpoena or request without providing the Disclosing Party an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law.

28. No Party shall be obligated to challenge the propriety of a designation of Discovery Materials as Confidential or Highly Confidential when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a Party objects to a designation of Discovery Materials as Confidential or Highly Confidential under this Stipulation and Order, the objecting Party shall notify the Disclosing Party in writing of that objection. Within seven (7) calendar days of the receipt of such notification, respective counsel for the Disclosing Party and the objecting Party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the Discovery Materials as Confidential or Highly Confidential. If, for whatever reason, the Parties do not resolve their

disagreement within that time period, within fifteen (15) calendar days from the date of the notification, the Receiving Party may move the Court for a ruling on the Disclosing Party's designation of the Discovery Materials as Confidential or Highly Confidential. The Disclosing Party shall have the burden of showing that the Discovery Material is Confidential or Highly Confidential. While any such motion is pending, the Discovery Materials subject to that motion shall continue to be treated as Confidential or Highly Confidential. If the Receiving Party does not move the Court for a ruling on the Disclosing Party's designation of Discovery Materials as Confidential or Highly Confidential within fifteen (15) calendar days from the date of the notification (regardless of whether the Parties met and conferred on the subject), the Discovery Materials in question will remain designated as Confidential or Highly Confidential. Nothing in this Stipulation and Order shall be construed as preventing any Party from objecting to the designation of any Discovery Material as Confidential or Highly Confidential or preventing any Party from seeking further protection for any Discovery Material it produces in discovery.

29.     In the event that counsel for any Party or non-party determines to file in, or submit to, this Court any Confidential Discovery Material or Highly Confidential Discovery Material, information derived therefrom, or any papers containing or revealing such information, ~~the pages containing or revealing such~~ *such Party or non-party shall file an application with the Court* Confidential Discovery Material or Highly Confidential Discovery Material ~~shall be filed only~~ *seeking permission to file* in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of these Actions and the words "CONFIDENTIAL MATERIAL SUBJECT TO STIPULATION AND PROTECTIVE ORDER" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court." A

- 19 -