# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

TIMOTHY A. DELANGE
timothyd@blbglaw.com
(858) 720-3186

October 27, 2015

**VIA ECF & HAND DELIVERY**

Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17B
New York, NY 10007

      Re:    *Coordinated RMBS Trustee Actions Against Wells Fargo Bank,* Nos. 14-cv-9371; 14-cv-9764; 14-cv-10067; 14-cv-10102; and *Deutsche Bank,* No. 14-cv-9367

Dear Judge Berman:

On behalf of Plaintiffs, we write in response to Wells Fargo's letter [BR ECF No. 82] submitting the "Decision and Order" in *Commerce Bank v. The Bank of New York Mellon,* Index No. 651967/2014 (N.Y. Sup. Ct. Oct. 2, 2015) (Scarpulla, J.) ("*Commerce Bank*"). Contrary to Wells Fargo's assertion, *Commerce Bank* supports sustaining Plaintiffs' Complaints.

In *Commerce Bank,* Justice Scarpulla followed her prior decision in *Knights of Columbus*[1] and again sustained an investor's contract claim based on the trustee's failure to give notice of breaches of seller representations and warranties. *Id.* at 7-8.[2] In particular, Justice Scarpulla

---

[1] *Knights of Columbus v. The Bank of New York Mellon* (N.Y. Sup. Ct. Index No. 651442/2011) (submitted to the Court on August 5, 2015) [BR ECF Nos. 65, 66].
[2] Justice Scarpulla also upheld the plaintiffs' contract claim for the trustee's failure to properly review and inventory mortgage files. *Id.* at 5-7. Phoenix Light and NCUA allege similar contract claims, which the Court should sustain for the same reasons articulated in *Commerce Bank*.

12481 HIGH BLUFF DRIVE • SUITE 300 • SAN DIEGO • CA 92130-3582
TELEPHONE: 858-793-0070 • www.blbglaw.com • FACSIMILE: 858-793-0323



BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Honorable Richard M. Berman
October 27, 2015
Page 2

---

rejected Defendants' same "heightened pleading" argument, holding investors "are not expected to be able to have access to or knowledge of all specific details prior to [discovery]." *Id.* at 8. Instead, the trustee's "discovery" of breaches was adequately alleged through its "inventory of delivered (and undelivered) documents," "delay[ed] delivery certification," and "notices received from certificateholders." *Id.* Here, Plaintiffs allege Defendants' "discovery" of breaches through the same (and several more) facts, and in greater detail.

The court also sustained the plaintiffs' negligence claim, rejecting Defendants' same contention that the alleged common law duties are either not legally cognizable or duplicative of contract duties: an "indenture trustee owes an extra-contractual duty to perform non-discretionary, ministerial functions with due care" that is subject to tort liability and "would not be duplicative of a breach of contract claim." *Id.* at 12.

Justice Scarpulla's dismissal of the plaintiffs' fiduciary duty claim for breach of the duty to avoid conflicts of interest provides no support for Defendants. There, the plaintiffs failed to "plead that BNYM acted to advance its own interests at the expense of the certificateholders, and . . . personally benefitted from its actions." *Id.* at 11. Here, the Complaints detail Defendants' unreasonable refusal to act against responsible sellers and servicers because doing so would have exposed Defendants' own misconduct as sellers or servicers for other RMBS trusts. BR ECF No. 58 at 34-35. Again, courts have repeatedly upheld identical claims. *Id.*

Finally, *Commerce Bank* supports sustaining Plaintiffs' contract and fiduciary duty claims for breach of Defendants' post-Event of Default obligations. Unlike the plaintiffs in *Commerce Bank*, Plaintiffs do not attempt to charge Defendants with notice of Events of Default through

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Honorable Richard M. Berman
October 27, 2015
Page 3

_____

"widespread knowledge" of alleged "robo-signing[] and illegally foreclosing [activities]." *Id.* at 10. Rather, Plaintiffs allege that Defendants' responsible officers had actual knowledge of specific servicer defaults, including through Defendants' receipt of written notice of actual Events of Default within certain of the Trusts.[3] In addition, Plaintiffs here allege: (i) Defendants' receipt of written notices of seller breaches from monoline insurers and Holders; (ii) that Wells Fargo was the target of government investigations, prosecutions, and settlements with many of the Servicers to the Trusts for the same alleged improper servicing practices; and (iii) Defendants' receipt of written notice from Holders to other RMBS trusts regarding the same servicing violations by the same servicers to the Trusts here. These allegations – which were absent in *Commerce Bank* – have repeatedly been found sufficient to establish at the pleading stage a trustee's knowledge of Events of Default. BR ECF No. 58 at 22-23.

For these reasons, *Commerce Bank* provides further support for denying Defendants' Joint Motion to Dismiss.

Respectfully submitted,

Timothy A. DeLange

TAD/db
cc: All Counsel (via ECF)

_____
[3] *See, e.g.,* BR Deutsche Bank Complaint ¶¶488-89; BR Wells Fargo Complaint ¶¶425-26.