**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Christopher M. Wood
cwood@rgrdlaw.com

February 3, 2016

<u>VIA ECF</u>

The Honorable Richard M. Berman
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 17B
New York, NY 10007

      Re:    *Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, No. 1:14-cv-09764-RMB-SN

Dear Judge Berman:

      I write on behalf of Royal Park Investments SA/NV ("Royal Park") to respectfully suggest that the Court's interests in most efficiently managing its docket and resources would be best served by (i) providing for joint pre-motion letters and briefing on any forthcoming motion to dismiss; and (ii) ***not*** requiring that plaintiffs file a joint amended complaint against defendants.

      The parties have been, and are committed to, working cooperatively in these actions wherever possible to streamline these cases and minimize the burdens on the Court. To that end, and at the Court's direction, the parties previously completed briefing on defendants' motions to dismiss jointly and were able to address the overlapping legal issues and theories presented in a consolidated fashion, referencing specific portions of plaintiffs' individual complaints against the

Robbins Geller
Rudman & Dowd LLP

The Honorable Richard M. Berman
February 3, 2016
Page 2

separate defendants where appropriate. Where possible, the parties have also been working cooperatively to address discovery issues.

    While there may be potential efficiencies to be gained from joint briefing on certain issues, I respectfully submit that requiring plaintiffs to file a joint amended complaint will not lead to any such efficiencies and may create significant confusion for the parties and the Court. A joint amended complaint would relate to five separate plaintiff groups, two separate defendants and over one hundred separate trusts. It would include claims brought individually with respect to some plaintiffs and on a classwide or derivative basis as to other plaintiffs. Under such circumstances, a joint amended complaint would be unwieldy and confusing for both the parties and the Court and would likely be littered with notations or explanatory statements clarifying, among other things, which of the five plaintiff groups is joining or disclaiming which allegations, which allegations relate to which of the two defendants and which allegations relate to which trusts.

    Further, the Court's January 19, 2016 Order did not address or impact Royal Park's claims in any way, and under such circumstances, Royal Park does not believe that an amendment of its Complaint at this time is necessary or appropriate.

    Respectfully submitted,

    CHRISTOPHER M. WOOD

CMW:drd

cc:    All Counsel of Record

1115104_1