# Morgan Lewis

**Bernard J. Garbutt III**
+1.212.309.6084
bernard.garbutt@morganlewis.com

January 30, 2017

**VIA ECF**
Honorable Sarah Netburn, U.S.M.J.
Thurgood Marshall Courthouse
United States District Court, Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

Re:   *BlackRock Core Bond Portfolio v. Deutsche Bank Nat'l Trust Co.*, No. 14-cv-9367

Dear Magistrate Judge Netburn:

We represent defendants Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, solely in their capacities as residential mortgage-backed securitization ("RMBS") trustees (the "Trustees") in the above-referenced case.  We write in response to Plaintiffs' letter to Your Honor, dated January 26, 2017, Dkt.# 205 ("Plaintiffs' 1/26/17 Letter"), and pursuant to Your Honor's order dated January 27, 2017, Dkt.# 207 (the "Order").

**John Vibert, Co-Head of Structured Products of Plaintiff Prudential**
As is clear from Plaintiffs' 1/26/17 Letter, Plaintiffs essentially concede that John Vibert is an appropriate custodian for Prudential's ESI.  Plaintiffs concede that:  (i) Vibert's responsibilities focused and focus on research and portfolio management; (ii) he is involved with the particular plaintiff funds in the Prudential plaintiff group, including for research and portfolio management; (iii) those plaintiff funds continue to trade in RMBS; and (iv) at least sometimes, Vibert executes trades.  The fact that Vibert "rarely executes trades," or that he is "not responsible for portfolio allocation," is irrelevant, given that he is co-head of this group, and is responsible, among other things, for research and portfolio management for RMBS in the particular Prudential plaintiff funds.  Given that he was involved since May 2014, and is responsible for portfolio management for those funds, he would also have knowledge of Prudential's mitigation efforts, if any.  For the foregoing reasons, and the reasons stated in the Trustees' letter to Your Honor, dated January 6, 2017, Vibert is an appropriate custodian for Prudential's ESI.

**Nikolas Tsioullis, ABS/MBS Trader of Plaintiff DZ Bank**
Although the Order denied the Trustees' request to add Tsioullis as a custodian for DZ Bank's ESI, the Trustees did not have an opportunity to respond to Plaintiffs' 1/26/17 Letter.  Respectful of the Court's Order, the Trustees would simply like to point out a few facts relating to Tsioullis. In Plaintiffs' 1/26/17 Letter, Plaintiffs assert that Tsioullis is not an appropriate custodian because "Mr. Tsioullis' involvement in DZ Bank's RMBS activities did not commence until approximately 2009, long after DZ Bank purchased the ten securities at issue between May 2004 and October 2006."  Plaintiffs' 1/26/17 Letter, p. 1.  Thus, Plaintiffs assert that DZ Bank

Honorable Sarah Netburn, U.S.M.J.
January 30, 2017
Page 2

acquired all of the RMBS upon which it sues in this case between 2004 and 2006.  Based upon Plaintiffs' responses to prior interrogatories, however, this statement is incorrect.  Indeed, Plaintiffs previously asserted that DZ Bank acquired one of the RMBS upon which it now sues on December 28, 2009.[1]  Moreover, in Plaintiffs' interrogatory responses, Plaintiffs referenced 11 separate RMBS transactions for DZ Bank.  Yet, Plaintiffs failed to identify the dates on which DZ Bank allegedly acquired the RMBS at issue for six of those transactions.  See Plaintiffs' Third Interrogatory Responses, Appendix 6, Lines 1, 5-7, 9, & 11.  Therefore, it is unclear at this point when those six transactions occurred, and whether they occurred in 2006 and prior.  This information at least calls into question exactly when the relevant transactions occurred.

Respectfully submitted,

Bernard J. Garbutt III

---

[1] See "Plaintiffs' Responses and Objections to the Third Set of Interrogatories to Plaintiffs by Deutsche Bank National Trust Company, as Trustee," dated March 14, 2016 ("Plaintiffs' Third Interrogatory Responses"), Exh. A hereto, at Appendix 6, Line 8.