# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

### ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

BENJAMIN GALDSTON
beng@blbglaw.com
(858) 720-3188

January 19, 2018

**VIA ECF & HAND DELIVERY**
The Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square, Room 430
New York, NY 10007

  Re: *BlackRock Balanced Capital Portfolio (FI), et al. v.*
     *Deutsche Bank Nat'l Tr. Co., et al.*, 14 Civ. 9367-JMF-SN (S.D.N.Y.)

Dear Judge Netburn:

  On behalf of Plaintiffs, we write in opposition to Deutsche Bank's January 12, 2018 motion to compel regarding Plaintiffs' privilege log. As set forth below, Plaintiffs' log fully complies with the Local Rules, the Federal Rules, and Your Honor's prior rulings in related actions.

  As an initial matter, Deutsche Bank's motion is largely moot. More than 70% (1,298) of the 1,850 challenged entries are not in dispute because they refer to out-dated claw back logs that are superseded by Plaintiffs' November 2017 log. Specifically, in accordance with the Court's October 31, 2017 Order (ECF No. 359), Plaintiffs served a privilege log on November 13, 2017, that replaced the prior claw back logs. At that time, Plaintiffs also produced documents where privilege claims had been withdrawn. Accordingly, the 1,298 documents are either properly supported privileged communications, which Deutsche Bank does not dispute, or have been produced.

  For the remaining 552 entries, Deutsche Bank's challenges are without merit. Plaintiffs' November 2017 log "identif[ies] each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure." *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (citation omitted). Nothing more is required. Although Deutsche Bank claimed that Plaintiffs' log was "deficient" during the meet and confer process, it refused to identify any supposed deficiencies. Deutsche Bank's motion similarly lacks the necessary specificity to show any genuine infirmity with Plaintiffs' log. In any event, this Court has provided clear guidance on the appropriate form and substance of a federal privilege log in RMBS trustee cases, and Plaintiffs' November 2017 log fully comports with those standards. *See*, *e.g.*,

12481 HIGH BLUFF DRIVE • SUITE 300 • SAN DIEGO • CA 92130-3582
TELEPHONE: 858-793-0070 • www.blbglaw.com • FACSIMILE: 858-793-0323



The Honorable Sarah Netburn
January 19, 2018
Page 2

---

*BlackRock Allocation Target Shares: Series S Portfolio, et al. v. Wells Fargo Bank, N.A.* ("*BlackRock/Wells Fargo*"), 14 Civ. 9371 (S.D.N.Y.), ECF Nos. 472, 501.

Accordingly, Deutsche Bank's motion should be denied.

### I.     Deutsche Bank's Motion Is Largely Moot

Deutsche Bank challenges 1,298 entries on 7 privilege logs that are not operative. During the fact discovery period, Plaintiffs clawed back certain inadvertently produced privileged documents and timely provided claw back logs supporting their privilege claims, pursuant to the Protective Order (ECF No. 105 at para. 14). Subsequently, Plaintiffs withdrew their privilege claim for many of these documents, which were then re-produced to Deutsche Bank. The remaining documents withheld on privilege claims were properly supported in Plaintiffs' November 2017 log, which superseded the claw back logs. Notably, Deutsche Bank does not dispute that Plaintiffs' privilege claims for those documents are properly supported on Plaintiffs' November 2017 log. Accordingly, there is no dispute as to those 1,298 entries.

### II.    Plaintiffs' November 2017 Log Complies With All Applicable Authorities

Privilege claims for the remaining 552 entries are fully supported in compliance with this Court's rulings and the Federal and Local Rules.

**Plaintiffs Adequately Identify The Privilege Rule Being Invoked**. Plaintiffs' November 2017 log identifies the nature of the privilege being claimed in compliance with the Local Rules. Deutsche Bank suggests that Plaintiffs fail to identify the "jurisdiction" of the privilege rule invoked for 10 entries. Mot. at 2. However, Deutsche Bank apparently misreads the Local Rule. A party is required to provide this information only if it invokes a privilege claim governed by state law. *See* L.R. 26.2(a)(1). Here, Plaintiffs' privilege claims are governed by federal law. *See* Fed. R. Evid. 501; *von Bulow by Auersperg v. von Bulow,* 811 F.2d 136, 141 (2d Cir.1987) (in a federal question case, "the asserted privileges are governed by the principles of federal law"); *Schomburg v. N.Y. City Police Dep't*, 298 F.R.D. 138, 141 (S.D.N.Y. 2014) ("[I]n cases presenting federal questions . . . privileges . . . are governed by federal law, not state law.") (quotation marks and citation omitted). In related actions, the Court has uniformly applied federal privilege law. *See, e.g.*, *BlackRock/Wells Fargo*, ECF No. 472, at 4-5.

Prior to filing its motion, Deutsche Bank understood that Plaintiffs invoked exclusively federal privilege claims. Plaintiffs informed Deutsche Bank of this in a December 22, 2017 letter and during meet and confer conferences. Ex. 1, at 1-2. That certain attorney-client communications may involve foreign nationals does not change the result. In making a choice of law determination, courts in this District apply the "touch base" test, or the "country that has the predominant or the most direct and compelling interest in whether [the] communications should remain confidential." *Anwar v. Fairfield Greenwich Ltd.*, 982 F. Supp. 2d 260, 264 (S.D.N.Y. 2013). The pertinent question is not the nationality of individuals in the communication, as

The Honorable Sarah Netburn
January 19, 2018
Page 3

---

Deutsche Bank urges. Instead, courts focus on whether the advice concerned "legal proceedings in the United States or advice regarding United States law" which "are typically governed by United States privilege law . . . ." *Id.*; *see also Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 65 (S.D.N.Y. 2010) ("communications relating to legal proceedings in the United States, or that reflect the provision of advice regarding American law, 'touch base' with the United States and, therefore, are governed by American law, even though the communication may involve foreign attorneys or a foreign proceeding").

Here, each of the 10 at-issue entries involve U.S. legal proceedings or advice regarding U.S. law. For example, DB-DZ-PLTFS_01226088 is an email from employees at DZ Bank to attorneys at the U.S. law firms seeking legal advice about the New York statute of limitations. Accordingly, U.S. federal privilege law applies because the communication reflects advice regarding U.S. law. *See In re financialright GmbH*, 2017 WL 2879696, at *4 (S.D.N.Y. June 22, 2017) (U.S. law applied to foreign attorney-client communications where U.S. law firm represented Volkswagen in proceeding involving U.S. law).

**Plaintiffs' Log Identifies Author And Recipient Information.** Deutsche Bank claims that 3 entries on Plaintiffs' November 13 log do not adequately identify the author and recipients. As to BAJ_001_1_00000026-07080-1-1, Plaintiffs' log states that the document reflects counsel's legal advice regarding various RMBS litigations and identifies the AEGON employees who received it. After a reasonable inquiry, including an examination of metadata, Plaintiffs were unable to specifically identify the attorney. The remaining 2 entries are being produced.

**Plaintiffs' Log Establishes The Privileged Purpose For Each Entry.** Plaintiffs' log contains sufficient information to demonstrate the communication was made for the purpose of providing legal advice. For the 2 entries challenged by Deutsche Bank, Plaintiffs are revising the entry for one document (DB-DZ-PLTFS 0589819) and producing the other (DB-BlackRock-PLTFS 11461625).

**Plaintiffs' Have Properly Asserted The Common Interest Doctrine.** Finally, Plaintiffs' log adequately supports a common interest privilege claim in accordance with the Court's prior rulings. *See, e.g.*, *BlackRock/Wells Fargo*, ECF No. 472, at 4-5; ECF No. 501, at 3-4. Deutsche Bank's challenge to 537 entries is baseless. For example, GLT_001_1_00000037-0736 is an email from a Gibbs & Bruns attorney to clients, including certain Plaintiffs, reflecting legal advice about a settlement with Credit Suisse and pending claims against other defendants. It is protected from disclosure under the common interest doctrine because (1) the document reflects an attorney's substantive involvement in and correspondence about a legal proceeding (and privilege therefore attaches), and (2) there is a clear coordinated, common legal strategy illustrated in the email communication among the group of recipients, all of whom were engaged in settlement

The Honorable Sarah Netburn
January 19, 2018
Page 4

---

negotiations with Credit Suisse. The Court has found similar documents to be protected by the common interest doctrine.[1] *BlackRock/Wells Fargo*, ECF No. 472, at 3-5.

### III. Plaintiffs Preserved Their Privilege Claim For 17 Clawed Back Documents

Plaintiffs did not waive privilege as to any clawed back documents. When preparing their November 13 log, Plaintiffs re-reviewed documents that had been clawed back and, to the extent they continued to assert the privilege, incorporated those documents into their November 13 log. Plaintiffs inadvertently omitted the documents that had been clawed back on February 6, 2017. On December 21, 2017, Deutsche Bank informed Plaintiffs of this. Plaintiffs immediately re-reviewed the documents and promptly provided Deutsche Bank with a supplemental log on January 4, 2018 for 17 privileged documents, and re-produced the remaining documents.

Under these circumstances, there is no waiver. Courts in this District apply a four-factor balancing test to determine whether privilege has been waived where a privileged document was inadvertently produced. The four factors are: (1) the reasonableness of precautions taken to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the extent of disclosure relative to the scope of discovery; and (4) overreaching issues of fairness. *Lois Sportswear v. Levi Strauss & Co.*, 104 F.R.D. 103, 105 (S.D.N.Y. 1985). Courts will not find a waiver "'unless the conduct of the producing party or its counsel evinced such extreme carelessness as to suggest that it was not concerned with the protection of the privilege.'" *Stoner v. N.Y. City Ballet Co.*, 2002 WL 31875404 at *2 (S.D.N.Y. Dec. 24, 2002) (citation omitted).

Here, all four factors weigh in favor of a finding the privilege claims were properly preserved. *First*, Plaintiffs employed rigorous procedures when reviewing and producing documents in this case to protect against the disclosure of protected information. In fact, Plaintiffs have devoted hundreds of attorney hours reviewing tens of millions of documents. In this context, the inadvertent disclosure of a handful (17) of privileged documents is "the type of isolated mistake that can result from culling massive document productions." ECF No. 383, at 2. *Second*, Plaintiffs immediately clawed back the documents in February 2017 upon discovering their inadvertent disclosure, and promptly provided Deutsche Bank with logs. *Third*, there is no prejudice to Deutsche Bank. Deutsche Bank has been on notice of Plaintiffs' privilege claims for these documents for nearly one year, since February 2017. On the other hand, it would be prejudicial to find waiver based on an inadvertent mistake. Accordingly, Plaintiffs have not waived their privilege claim for the 17 documents. *See In re Nat. Gas Commodity Litig.*, 229 F.R.D. 82, 86-90 (S.D.N.Y. 2005) (no waiver where producing party asserted privilege upon discovery of inadvertent disclosure and provided a privilege log).

\*   \*   \*

---

[1] Deutsche Bank also points to a second example from Plaintiffs' March 14, 2017 claw back log. As discussed in Section I, this superseded log is no longer at issue.

The Honorable Sarah Netburn
January 19, 2018
Page 5

_____

      For all of the foregoing reasons, the Court should deny Deutsche Bank's motion.

                                Respectfully submitted,

                                Benjamin Galdston

cc:  Counsel of Record (via ECF)