UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
BLACKROCK BALANCED CAPITAL  :
PORTFOLIO (FI), *et al*.,  :
                                                                     :
               Plaintiffs,  :
                                         :    Case No. 14-cv-9367-JMF-SN
  vs.  :
                                         :    ECF Case
DEUTSCHE BANK NATIONAL TRUST  :
COMPANY, as Trustee, *et al.*,  :
                                         :
             Defendants.  :
---------------------------------------------------------- X


**DEFENDANTS' SUR-REPLY TO PLAINTIFFS' REPLY
IN FURTHER SUPPORT OF EXPERT EVIDENCE BASED ON SAMPLING**


Michael S. Kraut
Kevin J. Biron
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY  10178
Tel:    (212) 309-6000
Fax:    (212) 309-6001

*Attorneys for Defendants*

The Trustees respectfully submit this sur-reply to respond to new arguments and authorities raised for the first time in Plaintiffs' reply (ECF No. 414) (cited as "P. Reply _").[1]

First, Plaintiffs cite Fixed Income Shares: Series M v. Citibank, N.A., 2018 WL 412889 (1st Dep't Jan. 16, 2018), for the proposition that usage of "discovery" and "actual knowledge" in the same agreement "implies that these terms have different meanings." See P. Reply 1-2, 6. Plaintiffs claim this somehow supports their position that the phrase "upon discovery" imposes a duty on the Trustees to investigate or "nose to the source." See id. Plaintiffs are wrong.

The First Department's observation in Fixed Income is consistent with the Trustees' interpretation of the phrase "upon discovery." While "knowledge" means "the fact or condition of being aware of something," "discover" means "to obtain sight or knowledge for the first time." "Discover" & "Knowledge," Merriam-Webster.com (accessed January 26, 2018, https://www.merriam-webster.com/dictionary/discover). Thus, "upon discovery" in the governing agreements has a temporal component, triggering the Trustees' duties upon their first obtaining actual knowledge of a loan-level R&W breach. Moreover, the First Department has specifically held that "the trustee of an RMBS (residential mortgage-backed securities) trust does not have a duty to 'nose to source.'" Commerce Bank v. Bank of N.Y. Mellon, 35 N.Y.S.3d 63, 65 (1st Dep't 2016) (emphasis added).

Second, Plaintiffs' reliance on Bank of N.Y. Mellon Trust Co., N.A. v. Morgan Stanley Mortg. Capital, Inc., 2013 WL 3146824, at *19 (S.D.N.Y. June 19, 2013) ("BNYM v. MS I"), vacated, 821 F.3d 297 (2d Cir. 2016) ("BNYM v. MS II"), is misplaced. As a threshold matter, that case involved a servicer's duties under a mortgage loan purchase agreement – not an RMBS trustee's duties under agreements expressly providing that the trustee has no duty to investigate.

---

[1] Each capitalized term used but not defined herein has the meaning ascribed in the Trustees' opposition (ECF No. 406).

And, contrary to Plaintiffs' assertions (P. Reply 6), the Second Circuit vacated the judgment of the district court and did not affirm the district court's interpretation of "discovery." See BNYM v. MS II, 821 F.3d at 309-10, 313.  Rather, the Second Circuit explained that a party "discovers" a breach when the party actually becomes "aware" of the breach (i.e., obtains actual knowledge) as opposed to being "simply suspicious" of the breach.  See id. at 310.  This contradicts Plaintiffs' position.[2]

Third, Plaintiffs incorrectly assert that Judge Failla's opinion denying their request for sampling-related discovery included a "holding" that "a plaintiff may, 'through a showing of conscious avoidance or implied actual knowledge,' meet the Governing Agreements' 'discovery' standard."  P. Reply at 5.  Judge Failla held no such thing.  Rather, Judge Failla made clear that she was not deciding the meaning of "discovery:"

> Ultimately, the Court does not need to decide the issue of the allocation of burdens at this stage in order to uphold [Judge Netburn's] Sampling Opinion . . . For now, it suffices to say that it was not clear error in light of the foregoing discussion for Judge Netburn to conclude for purposes of her proportionality analysis that proof of 'discovery' would require more than mere constructive knowledge or inquiry notice.

Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo, N.A., 2017 WL 3610511, at *10 (S.D.N.Y. Aug. 21, 2017).  Moreover, Judge Failla acknowledged that RMBS trustees "cannot be required to investigate under the parties' contracts."  Id. at *9.

Finally, although Plaintiffs argued in their initial brief that the phrase "upon discovery" imposes an implied duty to investigate on the Trustees, they now assert that the Court need not address the meaning of that phrase to decide their motion.  P. Reply 2.  While Plaintiffs'

---

[2] While the Second Circuit recognized that a servicer may discover a breach "after it has had a reasonable opportunity to investigate and confirm its suspicions," the Second Circuit did not hold that a mere opportunity to confirm suspicions constitutes "discovery" or that a trustee has a duty to investigate.  See BNYM v. MS II, 821 F. 3d at 310.

arguments concerning the meaning of "upon discovery" are baseless, it is true that the Court need not address that issue to deny Plaintiffs' motion.  Sampling cannot satisfy the "loan-by-loan and trust-by-trust" standard of proof applicable to Plaintiffs' claims, and for that reason alone, the Court should deny their request to conduct expensive, sampling-related discovery.  In any event, the fact that the Trustees' duties are triggered "upon discovery" of a loan-level R&W breach provides an additional basis to deny Plaintiffs' motion.  To prevail on their claims, Plaintiffs would need to prove the Trustees discovered loan-specific breaches for certain loans and then offer evidence regarding <u>those loans</u> to establish liability and damages; supposed sampling-based Trust-wide breach rates would be irrelevant.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion regarding sampling-related expert discovery.

Dated: New York, New York
       January 29, 2018

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Kevin J. Biron*

Michael S. Kraut
Kevin J. Biron
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Tel:   (212) 309-6000
Fax:   (212) 309-6001
Michael.Kraut@morganlewis.com
Kevin.Biron@morganlewis.com

*Attorneys for Defendants Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, each acting solely in its capacity as Trustee*