UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BLACKROCK BALANCED CAPITAL
PORTFOLIO (FI), et al.,

                       **Plaintiffs,**           14-CV-09367 (JMF)(SN)

          **-against-**                                   <u>ORDER</u>

DEUTSCHE BANK NATIONAL TRUST
COMPANY, et al.,

                       **Defendants.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       Before the Court are competing challenges to the parties' respective privilege logs. Both sides raise similar objections to the other's logs, illustrating that, at a minimum, the parties understand the law in this District surrounding privilege logs. Having reviewed all of the submissions on these disputes, the Court rules as follows.

**I.**     **Deutsche Bank's Privilege Log**

       Deutsche Bank has relied upon document metadata for creating its privilege log. Given today's litigation technology, there is nothing inherently wrong with this process; indeed, many efficiencies are gained by relying *in the first instance* on metadata. But Deutsche Bank is not absolved of its obligations to review, supplement and correct a metadata privilege log to ensure that it satisfies the rigorous standards for a compliant log.

       **A.**     **Missing Log Information**

       Plaintiffs complain that approximately 30% of Deutsche Bank's log entries are missing adequate subject matter descriptions. Rather than draft a description of the document, Deutsche Bank exported the file name as a proxy for subject matter. At times this works. For example, Log

ID 94 ("DEUTSCHE BANK_CITY OF LA TRUSTEE DEFS.Answer to First Amended Complaint") and Log ID 148 ("Defendant Deutsche Bank Response to Plaintiff_s First Request for Document Production") are sufficiently descriptive. This is especially true when these file names are read not in isolation but with all the information provided in the log row. At other times, however, the metadata is entirely opaque. See Log ID 114 ("Gibbs&Bruns Exhibits 9.18.12"); Log ID 156 ("IN07H1 O1 SHEET"); and Log ID 190 ("Untitled"). Similarly, there are problems when the metadata lists an author as "u451" or "db_user." Deutsche Bank contends that documents where this occurred include draft court filings, which it argues do not have individual authors, or that such documents are plainly privileged and therefore Plaintiffs have enough information to understand the basis for the privilege assertion. The Court rejects the notion that no single author writes a court filing; and even if that were so, Deutsche Bank should be able to identify multiple authors to a document. Moreover, the rules governing privilege logs do not allow a party to omit required information on the grounds that it would be, by the withholding party's lights, superfluous.

     The metadata is a tool that may be used to facilitate logging information, but there must be attorney review to ensure that adequate information is conveyed. Deutsche Bank is ORDERED to review its log to make sure that the information it has provided offers a sufficient narrative to allow the Plaintiffs to understand the assertions and make informed challenge decisions. The Court strongly recommends that an attorney from Deutsche Bank's law firm who is part of this case's team but was not involved in the privilege log creation review the revised log to evaluate whether it makes sense. The revised privilege log shall be provided to Plaintiffs by March 2, 2018. The parties shall then meet and confer in good faith to resolve any outstanding disputes. The Court expects that this meet and confer will be substantive and

detailed. The Plaintiffs should be as specific as possible with their continuing objections. If issues remain outstanding, the Plaintiffs may select 10 documents for the Court's *in camera* review. Deutsche Bank shall file those documents *ex parte*, along with a three-page letter on March 16, 2018. The Plaintiffs may file a three-page letter on March 20, 2018.

### B. The Common Interest Doctrine

Both parties challenge the other's assertion of the common interest doctrine. As the Court has addressed repeatedly in its RMBS cases, the doctrine does not create an independent privilege between communications. Rather, it is an exception to the attorney-client privilege waiver doctrine. It allows for privileged documents to remain privileged despite release to a third-party upon a showing that the parties held a common interest in a litigation or anticipated litigation. The Plaintiffs claim that Deutsche Bank has improperly withheld 18,000 documents under this doctrine.

In other RMBS litigation, the Court has addressed this issue, and the parties are ORDERED to review that decision and apply it here. See, e.g., BlackRock et al. v. Wells Fargo Bank, National Association, No. 14 CIV. 9371 (KPF)(SN), ECF No. 501. In addition, to facilitate the parties' understandings, by February 23, 2018, Plaintiffs are ORDERED to identify 30 documents where they believe that production of the document to a third party waived the privilege. The Plaintiffs are encouraged to attempt to select a representative sampling. Deutsche Bank shall serve Plaintiffs with a sworn affidavit from a party representative explaining why the 30 documents are privileged communications by March 9, 2018. To the extent it is readily feasible, the affidavit might identify other documents—beyond the 30—that fall within the same common interest doctrine. The parties shall then meet and confer in good faith to resolve any outstanding disputes. If issues remain outstanding, the Plaintiffs may select 10 documents for the

Court's *in camera* review. They may, but need not, be from the original 30 selected. Deutsche Bank shall file those documents *ex parte*, along with a three-page letter on March 16, 2018. The Plaintiffs may file a three-page letter on March 20, 2018.

### C. The Bank Examiner's Privilege

Deutsche Bank is ORDERED to notify the regulators that they must either assert any privilege by March 2, 2018, or it shall be deemed waived.

## II. Plaintiffs' Privilege Log

Deutsche Bank challenges Plaintiffs' privilege logs on five grounds. Again, the parties are ordered to review this Court's orders in this case and related cases to guide their privilege claims.

### A. Privilege Law Jurisdiction

Deutsche Bank asserts that Plaintiffs failed to state under which jurisdiction's law they claim the privilege, and note that a number of documents appear to concern foreign law, such that the foreign jurisdiction's privilege law may apply under the "touch base" test. See Wultz v. Bank of China Ltd., 979 F. Supp. 2d 479, 489 (S.D.N.Y. 2013). Plaintiffs respond that all of its privilege claims rest on federal law, obviating the need to identify the relevant jurisdiction, and that that application of the "touch base" test confirms that United States privilege law applies. The Court agrees that the Plaintiffs do not need to identify the relevant jurisdiction where, as here, Plaintiffs invoke federal law to assert their privilege claims. L.R. 26.2(a)(1).

But the Court is unable to determine from the privilege log alone whether the documents discussing foreign law meet the touch base test. The parties are ORDERED to meet and confer to discuss why these documents meet the touch base test. If they reach an impasse, Deutsche Bank may select six exemplar documents for Plaintiffs to submit to the Court for in chambers review,

to be submitted to chambers by February 24, 2018. The Plaintiffs may submit a three-page letter on the same date. Deutsche Bank may respond by March 1, 2018 with a three-page letter.

### B. Lack of Attorney or Author Information

Deutsche Bank claims that a number of Plaintiffs' privilege log entries fail to identify the author and recipients, including whether an attorney participated in the communication. Deutsche Bank identified three examples of this purported deficiency, and Plaintiffs apparently agreed that two of the three documents were not privileged and plans to produce them. Plaintiffs are ORDERED to produce these documents if they have not already done so. To the extent that other entries suffer from this deficiency, Deutsche Bank is ORDERED to identify those entries to Plaintiffs. The parties are ORDERED to meet and confer to resolve this issue. If the parties are unable to come to an agreement regarding these entries, Deutsche Bank may select six exemplar documents for Plaintiffs to submit to the Court for in chambers review, to be submitted to chambers by February 24, 2018. The Plaintiffs may submit a three-page letter on the same date. Deutsche Bank may respond by March 1, 2018 with a three-page letter.

### C. Lack of Legal Advice

Deutsche Bank contends that Plaintiffs' privilege log fails to establish that certain communications were for the purpose of providing legal advice. Deutsche Bank challenged two entries. Plaintiffs plan to revise one entry and produce the document for the other. Plaintiffs are ORDERED to follow this course of action if they have not already done so. To the extent that other entries suffer from this deficiency, Deutsche Bank is ORDERED to identify those entries to Plaintiffs. The parties are ORDERED to meet and confer to resolve this issue. If the parties are unable to come to an agreement regarding these entries, Deutsche Bank may select six exemplar documents for Plaintiffs to submit to the Court for in chambers review, to be submitted to

chambers by February 24, 2018. The Plaintiffs may submit a three-page letter on the same date. Deutsche Bank may respond by March 1, 2018 with a three-page letter.

### D. Common Interest Doctrine

Deutsche Bank contends that Plaintiffs' privilege log fails to establish that the common interest doctrine applies to certain documents. Deutsche Bank challenged two entries. Plaintiffs claim that one challenged entry is moot because it comes from a superseded log and the other is protected. The parties are ORDERED to follow the same course of action described above regarding Plaintiffs' challenge of Deutsche Bank's assertion of the common interest doctrine.

### E. Waiver of Privilege over Clawed Back Documents

Deutsche Bank asserts that Plaintiffs waived the privilege as to certain documents that they clawed back on February 6, 2017. The Plaintiffs apparently never provided a claw back privilege log with respect to these documents, and then failed to include them in their final November 13, 2017 privilege log. Deutsche Bank repeatedly asked for a privilege log for this documents, but did not receive one until January 4, 2018, at which time Plaintiffs had withdrawn their privilege assertion to all but 17 claw-back documents. Plaintiffs contend that these documents were inadvertently disclosed under the case law and so need not be produced. But Plaintiffs miss the point. Deutsche Bank does not challenge either that these documents were inadvertently produced or that they were appropriately clawed back. Deutsche Bank maintains that the failure to produce a privilege log for nearly 11 months with respect to these documents constitutes waiver.

Plaintiffs were on notice that they should provide a privilege log with respect to these documents. The presumption is that a privilege log will be provided in conjunction with a document production. These documents were not so voluminous that such a long delay was

warranted. "Given the delay in producing a privilege log despite numerous requests, defendants have waived any possible privilege." <u>Baron Philippe De Rothschild, S.A. v. Paramount Distillers, Inc.</u>, No. 87 CIV. 6820 (LMM), 1995 WL 86476, at *1 (S.D.N.Y. Mar. 1, 1995). Plaintiffs are ORDERED to produce these 17 documents by February 24, 2018.

### III.     Parties' Letters

Finally, the parties are ORDERED to file their letters (to the extent not already done) with the proposed redactions.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     February 14, 2018
           New York, New York