USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/2018

# Morgan Lewis

**Bernard J. Garbutt III**
+1.212.309.6084
bernard.garbutt@morganlewis.com

March 6, 2018

**VIA ECF**
Honorable Sarah Netburn, U.S.M.J.
United States District Court, Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

Re:   *BlackRock Core Bond Portfolio v. Deutsche Bank Nat'l Trust Co.*, No. 14-cv-9367

Dear Magistrate Judge Netburn:

We represent the Trustees herein.[1]  We write to respectfully request clarification/reconsideration of two aspects of the Court's February 20, 2018 Order (Dkt.# 433, the "2/20 Order").  The Trustees seek a clarifying order that:  **(1)** pursuant to JP Morgan v. Winnick, 228 F.R.D. 505 (S.D.N.Y. 2005), Winnick's progeny, and Your Honor's prior orders, as alleged assignees of the claims herein, Plaintiffs, alone, are obligated to obtain and produce the Transaction-Level Prior Holder Documents, and the Trustees do not have an obligation to duplicate Plaintiffs' efforts to obtain such documents; and **(2)** Plaintiffs cannot satisfy their obligation to obtain such documents by merely attempting, or making efforts, to obtain such documents.

Certain passages in the 2/20 Order could be read to be inconsistent with these two points.  Plaintiffs alone "properly bear the risks and burdens of [obtaining] discovery" from Plaintiffs' alleged assignors.  Winnick, 228 F.R.D. at 507.  This includes the risks and burdens of being unable to obtain that discovery, including the threshold facts of whether any claims were assigned to Plaintiffs and from whom.  As explained below, relieving Plaintiffs of these risks and burdens may improperly allow Plaintiffs to assert claims that their assignors could not.  Thus, we respectfully request that Your Honor clarify the 2/20 Order to make these two points clear.

**Under Winnick, Alleged Assignees Of Claims Are Solely Obligated To Obtain And Produce Documents From Assignors, And Bear The Risks And Burdens Of Doing So**

Under Plaintiffs' own theory, Plaintiffs attempt to assert claims as to the Notes as assignees of the prior beneficial holders of those Notes.  Thus, Winnick applies to Plaintiffs' discovery obligations.  In Winnick, future Second Circuit Judge Lynch held that:

> It is both logically inconsistent and unfair to allow the right to sue to be transferred to assignees of a debt free of the obligations that go with litigating a claim.  If the plaintiff's theory carried the day, the assignor would be able to assign a claim more valuable than it could ever have, because its claim, if pursued by the assignor,

---

[1]   Unless stated otherwise, capitalized terms are defined in the Trustees' motion, Dkt.# 441, and all quotations and citations are omitted and all emphasis is added.  "Transaction-Level Prior Holder Documents" shall mean transaction-level documents from brokers and the two most recent levels of the prior beneficial holders of the RMBS notes upon which Plaintiffs base their claims herein (the "Notes").  See also Dkt.# 441, p. 4, n.10.

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060           ☎ +1.212.309.6000
United States                      📠 +1.212.309.6001

Honorable Sarah Netburn, U.S.M.J.
March 6, 2018
Page 2

would entail certain obligations that, when assigned, would magically disappear.

228 F.R.D. at 506.  Thus, under Winnick, the assignee of a claim in litigation has an obligation to obtain and produce the same documents and information to which the opposing parties would have been entitled had the assignors brought the claims themselves.  Id., at 507.  "It would be unfair to the defendants to permit plaintiff and the assignees to divorce the benefits of the claims from the obligations that come with the right to assert them, to the detriment of the defendants."  Id.  Thus, a plaintiff suing as an assignee "should properly bear the risks and burdens of [obtaining] discovery from" its assignor.  Id.[2]

In the last four years, numerous judges in the groups of cases brought by RMBS investors against RMBS trustees in this District have reached the same conclusion based upon the same reasoning, including District Judges Scheindlin and Schofield, and Magistrate Judges Moses and Francis.  Most recently, Judge Schofield held that "it is both logically inconsistent and unfair to allow the right to sue to be transferred to assignees[,] free of the obligations that go with litigating a claim."  Royal Park Invs. SA/NV v. HSBC Bank USA, N.A., No. 14-cv-8175-LGS ("RPI/HSBC"), 2018 WL 745994, *2 (S.D.N.Y. Feb. 6, 2018).[3]  As Magistrate Judge Moses put it, "[t]he most basic question … is who should properly bear the risks and burdens of discovery from [the assignors].  As between [plaintiff] and [the trustee], the answer is clear."  Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co. ("RPI/DB"), 314 F.R.D. 341, 345-46 (S.D.N.Y. 2016); see also id. (rather than require the trustee to pursue such discovery, "the Court will direct plaintiff … to produce documents held by [its assignor] to the same extent that it would be required to produce those documents from its own files").[4]

None of these courts has suggested that a trustee also had an obligation to obtain documents from plaintiffs' assignors.  Rather, these courts have held that RMBS investors that purport to bring claims as assignees bear the risks and burdens of discovery from purported assignors.  Thus, Winnick and its progeny dictate that the purported assignee of a claim in litigation—like Plaintiffs—is obligated to obtain and produce the same documents to which the opposing party would have been entitled had the assignor brought the claim itself.  This principle has even

---

[2]  See also In re Skelaxin (Metaxalone) Antitrust Litig., 2014 WL 129814, *2 (E.D. Tenn., Jan. 10, 2014) ("[I]t would be wholly unfair for Plaintiffs to step into the shoes of the assignors for the purposes of bringing their claims and not also assume a claimant's attendant discovery obligations."); Travelers Indent. Co. of Am. v. Kendrick Bros. Roofing, Inc., 2013 WL 6681240, *2 (D. Idaho Dec. 18, 2013) (same).

[3]  RPI/HSBC, *2 ("Counsel for Royal Park acknowledged this when he told Judge Netburn:  '[I]t's Royal Park's obligation to produce these documents.  If we can't get [RPI's assignor] to do it, then that's going to fall on us.'");  see also RPI/HSBC, Dkt.# 89, at 4-5 (Scheindlin, J.) ("[A]llowing plaintiff to avoid its full discovery obligations presents a risk of unfairness to the defendant.  Further, practical concerns weigh in favor of placing the discovery obligation with respect to these documents on [RPI], and doing so is consistent with Rule 34 of the Federal Rules of Civil Procedure. … Additionally, HSBC may face practical and/or legal difficulties in attempting to obtain documents directly from [RPI's assignor], a foreign bank (either via subpoena or other means).  Accordingly, if anyone can and should secure production of relevant documents held by [the assignor], it is [RPI].").

[4]  See also Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n, No. 14-cv-2590-VM-JCF ("RPI/US Bank"), 2017 WL 384350, *1 (S.D.N.Y. Jan. 25, 2017) (an assignee "has a duty to obtain and produce the same documents and information to which the opposing parties would have been entitled had the assignors brought the claim themselves."); id., Dkt.# 78 (same; adopting "Judge Moses's reasoning in [RPI/DB]" as "entirely persuasive").

Honorable Sarah Netburn, U.S.M.J.
March 6, 2018
Page 3

greater force here, where the purpose of the discovery now at issue is to determine the identities of Plaintiffs' purported assignors and facts bearing on whether the alleged assignments occurred.

**Your Honor's Prior Orders Are Clear That Plaintiffs, Alone,**
**Are Obligated To Obtain And Produce The Prior Beneficial Holder Documents**
This Court has held several times that Winnick applies to purported plaintiff/assignees, like Plaintiffs here. Specifically, this Court has held that it is proportional for such plaintiff/assignees to first obtain and produce Transaction-Level Prior Holder Documents, after the completion of which the parties should then meet and confer about the need for additional prior beneficial holder discovery, and, if they cannot agree, return to the Court to resolve the dispute.

**First**, in the BR/HSBC 6/2/16 Order, this Court held:
- "the plaintiffs should bear the burden of obtaining third-party document discovery from prior owners whose rights they intend to assert." BR/HSBC 6/2/16 Order, at 2;
- "Here, as in Winnick, the question is which party should bear the cost of third-party discovery. Here, as in Winnick, the party that seeks to assert the rights of the third party should bear the burden of production. … [P]laintiffs seek to enforce rights that accrued in the past to third parties. As a matter of fundamental fairness, the plaintiffs must assume the litigation responsibilities that accompany those rights." Id., at 5;
- "Third-party discovery might help HSBC to develop affirmative defenses …." Id., at 6;
- "The Court will … order a staged discovery process so that the parties can better assess whether third-party document discovery will be crucial to the case …." Id.; and
- plaintiffs shall obtain and produce Transaction-Level Prior Holder Documents. Then, "the parties shall meet and confer to discuss the scope of remaining third-party discovery. The parties shall … [then update] the Court on their progress." Id., at 6-7.

**Second**, in BlackRock Allocation Target Shares v. Wells Fargo Bank N.A., No. 14-cv-9371-KPF-SN (S.D.N.Y.) ("BR/WF"), this Court held that it was "the plaintiffs' obligation to seek this discovery and we set it up in this tiered way so that we could evaluate whether or not there was anything worth pursuing in this area of discovery." BR/WF, Dkt.# 286, at 31:22-32:3. **Third**, in this case, the Court ruled that Plaintiffs are obligated to follow the BR/HSBC 6/2/16 Order, which the Court issued when the Court "thought most deeply about this issue." Dkt.# 261, at 11:2-3. The Court confirmed that as purported assignees, Plaintiffs "have an obligation [to] produce prior holder information," and that obligation required them to "get the most recent prior holder information and then the second most recent prior holder information." Id., at 10:22-11:7. Plaintiffs' "obligations under court order [are] to get two levels of prior holders." Id., at 12:15-17. Finally, the Court ruled that "upon receiving that information, the parties could agree that that was either appropriate information or there was a need for more or they would come back to the court." Id., at 12:3-6. Thus, the Court established a staged approach in which Plaintiffs are first obligated to obtain and produce the Transaction-Level Prior Holder Documents, after the completion of which the parties should then meet and confer about the need for additional prior beneficial holder discovery, and, return to the Court if they cannot agree.

**Two Passages In The 2/20 Order Could Be Read To Be
Inconsistent With *Winnick*, Its Progeny, and Your Honor's Prior Orders**

The Trustees seek clarification of two passages in the 2/20 Order. **First**, the 2/20 Order "reminded [the Trustees] of [their] independent duty to obtain documents [they] believe are necessary to [their] defenses," but also stated that "[t]hat duty does not supplant Plaintiffs' duty." 2/20 Order, at 1. This language could be read to suggest that the Trustees have an obligation to obtain the same Transaction-Level Prior Holder Documents that Plaintiffs are already ordered to obtain. Such an obligation on the Trustees' part would contradict Winnick and its progeny. Under Winnick, an assignee of a claim has an obligation to obtain and produce the same documents to which the opposing party would have been entitled had the assignor brought the claims itself. The opposing party does not share that obligation.

This Court's prior orders are in accord. In the BR/HSBC 6/2/16 Order, this Court held that the plaintiffs were obligated to obtain and produce Transaction-Level Prior Holder Documents. The Court further ruled that only after the plaintiffs obtained and produced those documents, the parties should then meet and confer regarding the need for additional prior beneficial holder discovery, and, if they could not agree, return to the Court. Thus, the defendant trustee was not ordered to pursue discovery from the plaintiffs' alleged assignors; it was only ordered to meet and confer with plaintiffs after plaintiffs obtained and produced the Transaction-Level Prior Holder Documents, and then only for the purpose of discussing the need for additional prior beneficial holder discovery. In this case, too, the Court ruled that only after Plaintiffs obtained and produced Transaction-Level Prior Holder Documents, "the parties could agree that that was either appropriate information or there was a need for more or they would come back to the court." Dkt.# 261, at 12:3-6. That the Transaction-Level Prior Holder Documents may be relevant—or even "necessary"—to certain of the Trustees' defenses does not shift the burden of production to the Trustees. To the contrary, this Court found in the BR/HSBC 6/2/16 Order, at 6-7, that, even though the documents at issue might help HSBC develop its affirmative defenses, the plaintiffs were solely obligated to obtain and produce those documents.

It is important to clarify that Plaintiffs alone bear the risks and burdens of obtaining and producing the Transaction-Level Prior Holder Documents (and, in fact, all other discovery from prior holders) because Plaintiffs have argued that tracing the transfers of the Notes from the purported original assignors to Plaintiffs may be impossible. See, e.g., Dkt.# 405, at 2-3. In that case, Winnick and its progeny are clear that Plaintiffs alone bear the risks and burdens of their inability or failure to obtain such documents, not the Trustees. As this Court held in the context of class certification, the determination of many issues in this case, including standing, damages, and statute of limitations, will require information (and thus, discovery) regarding the identity and residence of the purported original assignors of the claims that Plaintiffs attempt to assert, as well as the dates and prices of those assignors' purchases and sales of the Notes. Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A., No. 14-cv-9764-KPF-SN, 2018 WL 739580, *12-15 (S.D.N.Y. Jan. 10, 2018). If the Trustees were found to have their own obligation to obtain Transaction-Level Prior Holder Documents (or other prior holder discovery) to address issues for which the Trustees bear the burden of proof, Plaintiffs would essentially have the option to simply refuse to adequately conduct such discovery, without suffering the risks or consequences

Honorable Sarah Netburn, U.S.M.J.
March 6, 2018
Page 5

for that refusal.  Plaintiffs could simply propose alternative methods for determining these issues and argue that Transaction-Level Prior Holder Documents (and all other prior holder discovery) are irrelevant to their theory of their case.  Moreover, in that scenario, the Trustees would be in the position of having to conduct expensive discovery only to find that the discovery needed to prove their affirmative defenses (like statute of limitations) is not obtainable.  Under Winnick and its progeny, Plaintiffs, alone, "properly bear the risks and burdens of discovery" from their alleged assignors.  Winnick, 228 F.R.D. at 507.  If Plaintiffs fail to obtain that discovery, "that is their problem, not defendants'."  Id., at 507.  To hold otherwise would up-end the entire purpose of Winnick and permit Plaintiffs to assign their way around affirmative defenses.  Moreover, if the Trustees were required to take on the burden of pursuing Transaction-Level Prior Holder Documents, that would not only place a burden where it does not belong, it would result in unnecessary duplication of effort because Plaintiffs already have that burden.

**Second**, the 2/20 Order provided that "[i]n complying with [the BR/HSBC 6/2/16 Order], Plaintiffs are reminded of their obligations to actively seek out the prior holder information, including by meeting and conferring with non-parties.  Plaintiffs will be found to have failed to comply with [the BR/HSBC 6/2/16 Order] if the evidence suggests they did merely the very least asked of them."  2/20 Order, at 1.  This language could be read to suggest that Plaintiffs could satisfy their Winnick obligations by making a good faith effort to obtain Transaction-Level Prior Holder Documents.  But, under Winnick and its progeny, Plaintiffs alone have the obligation to produce documents from their purported assignors; if they fail, Plaintiffs alone bear the risk of that failure.  In other words, "that is their problem, not defendants'."  Winnick, 228 F.R.D. at 507.  Thus, a good faith effort to obtain those documents does not relieve Plaintiffs from bearing that risk.  As Magistrate Judge Moses held, a plaintiff/assignee's practical ability to obtain the documents it is obligated to obtain from an assignor "is irrelevant"; an assignee's "obligation to produce discovery from its assignors does not depend on any assessment of its practical ability to discharge that obligation."  RPI/DB, 2016 WL 4613390, *8 (S.D.N.Y. Aug. 31, 2016); id., Dkt.# 268, at 50:5-13 ("RPI's practical difficulties in obtaining documents from [its assignors] are simply not relevant to its obligation as a matter of law to treat the assignors' documents for purposes of Rule 34 discovery as if they were RPI's own documents. … This issue was decided the same way very recently by Judge Scheindlin, Judge Francis, and Judge Netburn.").  Thus, Plaintiffs, alone, "properly bear the risks and burdens of discovery" from Plaintiffs' alleged assignors—including the risks and burdens of being unable to obtain that discovery.[5]

---

The Court misspoke when it referred to a "duty" held by the Trustee to obtain prior holder discovery. The burden of production rests exclusively with the plaintiffs and the Trustee has no independent "duty" to search for documents. The Trustee, however, may elect to seek such documents on its own in pursuit of its affirmative defenses. The Court will offer no further guidance on how the plaintiffs may satisfy their burden of production or any consequences that may flow from the failure to meet such burden.
**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

April 16, 2018
New York, New York