USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/17/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
BLACKROCK BALANCED CAPITAL PORTFOLIO :
(FI), et al., :
:
                       Plaintiffs, :
:
          -v- :
:
DEUTSCHE BANK NATIONAL TRUST COMPANY, :
et al., :
:
                       Defendants. :
:
-------------------------------------------------------------------X

14-CV-9367 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

      In this putative class action, familiarity with which is assumed, certificate holders in certain residential mortgage-backed security trusts ("RMBS" or "Trusts") bring suit against Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas (collectively, "Deutsche Bank"), alleging breaches of contractual and statutory duties as Indenture Trustee for the Trusts. (*See* Docket No. 141 ("Am. Compl."), at ¶ 1). Specifically, Plaintiffs allege that Deutsche Bank violated the Trust Indenture Act of 1939 ("TIA"), 15 U.S.C. § 77aaa *et seq.*, and breached its contractual duties by failing to address breaches of representations and warranties across dozens of RMBS trusts containing hundreds of thousands of mortgage loans. (Am. Compl. ¶¶ 3-6, 194-209). Now pending is a motion by Plaintiffs for leave to use "statistical sampling evidence" in order to "assist in proving Deutsche Bank's liability and in calculating damages." (Docket No. 393 ("Pls' Br."), at 1).

      The Court does not write on a blank slate. The Honorable Sarah Netburn, United States Magistrate Judge, decided the exact same issue in two nearly identical cases, and the Honorable

Katherine Polk Failla and the Honorable Lorna G. Schofield, United States District Judges, later affirmed her decisions. *See BlackRock Allocation Target Shares v. Wells Fargo Bank, Nat'l Ass'n* ("*Wells Fargo MJ Op.*"), No. 14-CV-9371 (KPF) (SN), 2017 WL 953550 (S.D.N.Y. Mar. 10, 2017), *order clarified sub. nom. BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n* ("*Wells Fargo*"), 2017 WL 3610511 (S.D.N.Y. Aug. 21, 2017); *Royal Park Investments SA/NV v. HSBC Bank USA Nat'l Ass'n* ("*HSBC MJ Op.*"), No. 14-CV-8175 (LGS) (SN), 2017 WL 945099 (S.D.N.Y. Mar. 10, 2017), *aff'd*, *Royal Park Investments SA/NV v. HSBC Bank USA Nat'l Ass'n* ("*HSBC*"), 2018 U.S. Dist. LEXIS 31157 (S.D.N.Y. Feb. 23, 2018).[1] Applying the proportionality principle set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure, those Judges concluded that the plaintiffs there could not pursue sampling evidence. On the one hand, "the contemplated sampling will cost hundreds of thousands, if not millions, of dollars, will require months to conduct, and will likely result in challenges to the admissibility of the evidence." *Wells Fargo MJ Op.*, 2017 WL 953550, at *4. On the other hand, sampling is of limited benefit because the defendant trustees' "misconduct must be proved loan-by-loan and trust-by-trust," *Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chicago v. Bank of N.Y. Mellon* ("*Ret. Bd.*"), 775 F.3d 154, 162 (2d Cir. 2014), and "[s]ampling cannot provide loan-specific information as to any loan outside the sample," *HSBC*, 2018 U.S. Dist. LEXIS 31157, at *36.

---

[1] The present case happens to be referred to Magistrate Judge Netburn for general pretrial purposes as well. Recognizing that she has already said her piece, and that any decision she made here would prompt an appeal to the undersigned anyway, the undersigned agreed to decide the issue in the first instance in the interests of efficiency.

This Court agrees.[2] Notably, Plaintiffs do not dispute that their proposed sampling would be "burdensome and costly." (Docket No. 406, at 3). Instead, they insist that sampling will be "far less expensive and take much less time than conducting the same work on every loan." (Docket No. 414, at 10). That much is plainly true, but it also misses the ultimately point: Because Plaintiffs need to prove liability and damages on a trust-by-trust and loan-by-loan basis, there is no benefit to sampling beyond what it reveals about the loans within the sample. In arguing otherwise and attempting to distinguish *Wells Fargo* and *HSBC*, Plaintiffs insist that they seek to sample not to "prove Deutsche Bank's 'discovery' of R&W breaches," but rather "to show the existence of and extent of breaching loans in the Trusts and damages." (Pls' Br. 4; *see id.* 9-10). But the plaintiffs in *Wells Fargo* and *HSBC* made nearly the same arguments. *See HSBC*, 2018 U.S. Dist. LEXIS 31157, at *37 ("Plaintiffs argue that sampling should be permitted because it can show 'the breach rates HSBC would have discovered in a proper investigation (liability) and . . . estimate the harms to the trusts and plaintiff investors (damages).'"); *Wells Fargo MJ Op.*, 2017 WL 953550, at *3 ("According to plaintiffs, sampling will generate and extrapolate breach rates to the at-issue Trusts, as well as prove what a prudent person would have found if an investigation of breaches had been performed."). Any differences between the arguments pressed here and the arguments rejected there are more semantic than real.

In short, because Plaintiffs cannot avoid the need for loan-specific evidence, there is nothing to be gained from allowing statistical sampling *per se* and much to be lost, in time if not

---

[2] In doing so, the Court expresses no view on the analyses of Judges Netburn and Failla regarding the meaning of the term "discovery" in the relevant agreements. *See Wells Fargo*, 2017 WL 3610511, at *7-11; *Wells Fargo MJ Op.*, 2017 WL 953550, at *6-8. The Court need not and does not reach that issue here.

3

money.  Accordingly, and substantially for the reasons more thoroughly explained by Judges Netburn, Failla, and Schofield, the Court concludes that "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Plaintiffs' request for permission to proceed with expert discovery using statistical sampling is thus DENIED.

    SO ORDERED.

Date:  May 17, 2018
         New York, New York

_____
JESSE M. FURMAN
United States District Judge