# Morgan Lewis

**Bernard J. Garbutt III**
+1.212.309.6084
bernard.garbutt@morganlewis.com

June 1, 2018

**VIA ECF**

Honorable Sarah Netburn, U.S.M.J.
Thurgood Marshall Courthouse
United States District Court, Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

Re:   *BlackRock Balanced Capital Portfolio (FI) v.*
      *Deutsche Bank Nat'l Trust Co.*, No. 14-cv-9367 (S.D.N.Y.)

Dear Magistrate Judge Netburn:

The parties write, pursuant to Your Honor's order, dated May 22, 2018, Dkt.# 491 (the "5/22/18 Order"), to jointly submit the proposed schedule attached hereto as Exh. A (the "Joint Proposed Scheduling Order") for the remainder of this case.  The parties have met and conferred and have reached agreement on all aspects of the Joint Proposed Scheduling Order.

In crafting the Joint Proposed Scheduling Order, the parties looked first to the scheduling order that Your Honor entered in BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n, No. 14-cv-9371 (S.D.N.Y.) ("BR/WF"), "Final Scheduling Order and Civil Case Management Plan," dated November 3, 2017, Dkt.# 604 (the "BR/WF Scheduling Order").  Then, the parties modified the time allotted for, and the spacing between, the tasks and submissions covered in the BR/WF Scheduling Order to account for the wide disparity in size between the BR/WF action and this action.  In particular, when the Court issued the BR/WF Scheduling Order, the BR/WF case involved 12 trusts.  By contrast, this case currently involves 60 trusts, five times the number of trusts as in BR/WF.  Within those 60 trusts are 1.3 million individual mortgage loans, upon some portion of which Plaintiffs may seek to perform some loan-level breach analysis.  That is the driving force behind the time allotted for, and the spacing between, the tasks and submissions covered in the Joint Proposed Scheduling Order.

The reason for the length of the timeline under the Joint Proposed Scheduling Order is that performing expert loan-level breach analysis is time consuming and work intensive.  Plaintiffs will first need to determine which of the 1.3 million loans within the 60 trusts at issue Plaintiffs will proceed on.  Then, Plaintiffs' experts must perform the necessary expert loan-level analysis.  Plaintiffs need sufficient time to perform that analysis before serving their expert reports.

As to the Trustees' rebuttal expert reports, the time to serve rebuttal expert reports concerning

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060                ☎ +1.212.309.6000
United States                           📠 +1.212.309.6001

Honorable Sarah Netburn, U.S.M.J.
June 1, 2018
Page 2

claims of loan-level breaches or damages will depend upon the number of loans Plaintiffs identify, on August 1, 2018, as loans on which Plaintiffs will proceed for the remainder of this case. That is because, in preparing the Joint Proposed Scheduling Order, the Trustees consulted with their experts who will be involved in rebuttal work on loan-level breaches regarding how much time the experts would need to complete their work. The Trustees understand that a significant factor that would drive the amount of time the experts would need to complete their work would be the number of loans analyzed in Plaintiffs' expert reports concerning loan-level breaches or damages. The Trustees also understand that the schedule as set out in the Joint Proposed Scheduling Order would be aggressive.

For all the foregoing reasons, the parties jointly request that the Court enter the parties' Joint Proposed Scheduling Order.

Respectfully submitted,
*Bernard J. Garbutt III*