# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
## ATTORNEYS AT LAW
### NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

BENJAMIN GALDSTON
beng@blbglaw.com
(858) 720-3188

March 12, 2018

**VIA ECF & HAND DELIVERY**
The Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square, Room 430
New York, NY 10007

      Re:    *BlackRock Balanced Capital Portfolio (FI), et al. v.*
             *Deutsche Bank Nat'l Tr. Co., et al.*, 14 Civ. 9367-JMF-SN (S.D.N.Y.)

Dear Judge Netburn:

      We write to notify the Court of Deutsche Bank's continuing failure to comply with the Court's orders requiring Deutsche Bank to substantiate its privilege claims, and to request an order finding that Deutsche Bank's violations of this Court's orders constitutes a waiver of all privilege claims.[1]

      The party asserting a privilege claim has the obligation to support its claim. *Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp.*, 162 F. Supp. 3d 145, 151 (E.D.N.Y. 2016) ("The party asserting the privilege bears the burden of establishing all the necessary elements."). A party that fails to do so despite repeated demands by the other party and direction from the court waives all privilege claims. *See Allstate Life Ins. Co. v. First Tr. Nat'l Ass'n*, 1993 WL 138844, at *3 (S.D.N.Y. Apr. 27, 1993) (finding waiver where party "flagrantly" refused to make any meaningful compliance despite repeated warnings); *Pem-Am., Inc. v. Sunham Home Fashions*, 2007 WL 3226156, at *2 (S.D.N.Y. Oct. 30, 2007) (same); *In re InStore Advertising Sec. Litig.*, 163 F.R.D. 452, 457 (S.D.N.Y. 1995) (same). As set forth below, Deutsche Bank has refused to meaningfully comply with the Court's orders and has waived all privilege claims for the 78,197 relevant, responsive documents wrongfully withheld from Plaintiffs.

      ***Deutsche Bank's Repeated Failure To Serve A Compliant Privilege Log***: On February 14, 2018, the Court directed Deutsche Bank to serve a privilege log that complies with Federal Rule 26(b)(5), Local Rule 26.2 and case law in this District. The February 14 Order marked the

---

[1] Plaintiffs submit this letter without waiver of, and subject to, their Rule 72 Objections and Motion to Vacate the Court's February 14 Order to the extent the February 14 Order denied Plaintiffs' motion to compel production of documents improperly withheld from production by Deutsche Bank on the basis of unsupported or waived privilege claims. *See* ECF Nos. 443-446.



The Honorable Sarah Netburn
March 12, 2018
Page 2

third time the Court ordered Deutsche Bank to provide Plaintiffs with a compliant log.  *See* ECF Nos. 365; 391; 430.

Specifically, Deutsche Bank was required to "make sure that the information it has provided offers a sufficient narrative to allow the Plaintiffs to understand the [privilege] assertions and make informed challenge decisions."  ECF No. 430, at 2.  However, despite receiving numerous extensions, Deutsche Bank's "revised" log fails to provide Plaintiffs with even basic information necessary to assess and challenge Deutsche Bank's privilege claims.  For example, the log fails to adequately describe the general subject matter of at least **73,364 documents**, does not identify the author of at least **15,211 documents** and fails to identify an attorney for as many as **651 documents**.  In fact, Deutsche Bank's new log repeats the same deficient author descriptions that the Court already ruled were non-compliant, including "u451," "db_user," and "CPY Document Author."  *See, e.g.*, Exhibit 1 (examples of entries containing such deficient authors).

The Court's February 14 Order "strongly recommend[ed] that an attorney from Deutsche Bank's law firm who is part of this case's team but was not involved in the privilege log creation review the revised log to evaluate whether it makes sense."  ECF No. 430, at 2.  Given Deutsche Bank's failure to follow the Court's requirements to revise its log, the Court can readily conclude that Deutsche Bank also failed to follow its recommendations for counsel supervision.

Deutsche Bank's failure to provide a compliant log continues to prejudice Plaintiffs.  Indeed, Plaintiffs lack sufficient information to meaningfully select documents for the Court's *in camera* review on March 16 and 23, as required under the February 14 Order.

***Deutsche Bank's Failure To Serve A Party Representative Affidavit***:  The Court's February 14 Order required Deutsche Bank to serve Plaintiffs with a sworn affidavit explaining why 30 selected documents are privileged communications under the common interest doctrine.  To ensure Plaintiffs would receive an adequate factual explanation for the privilege assertion and "to facilitate the parties' understandings," the Court directed that such affidavit come from a "***party representative***."  ECF No. 430, at 3.  Deutsche Bank violated the Court's order and, instead, provided an affidavit of an attorney from its outside counsel, Morgan, Lewis Bockius LLP.  *See* Exhibit 2.

\*   \*   \*

Deutsche Bank's violations of the Court's orders must end.  Deutsche Bank has enjoyed every extension and multiple opportunities to support its privilege claims; yet, it has elected to defy the Court's orders and the controlling law.  To address these violations and stem the ongoing prejudice, Plaintiffs respectfully request the Court issue an order finding that Deutsche Bank has waived all privilege claims for the 78,197 documents wrongfully withheld from production.

The Honorable Sarah Netburn
March 12, 2018
Page 3

                                              Respectfully submitted,

                                              Benjamin Galdston

cc:  Counsel of Record (via ECF)