# Morgan Lewis

**John M. Vassos**
+1.212.309.6158
john.vassos@morganlewis.com

March 16, 2018

<u>**BY EMAIL**</u>

Honorable Sarah Netburn, U.S.M.J.
Thurgood Marshall Courthouse
United States District Court, Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

Re:   <u>BlackRock Core Bond Portfolio v. Deutsche Bank Nat'l Trust Co.</u>, No. 14-cv-9367

Dear Magistrate Judge Netburn:

We represent defendants Deutsche Bank National Trust Company ("DBNTC") and Deutsche Bank Trust Company Americas ("DBTCA"), as trustees (the "Trustees"), in this action, and write pursuant to Section I.B. of the Court's Order dated February 14, 2018 (the "2/14 Order"), Dkt. # 430 at 3-4.  Pursuant to the 2/14 Order:  (1) Plaintiffs identified thirty documents for the Trustees to review; (2) the Trustees submitted an affidavit addressing those thirty documents (attached hereto as Exhibit 1); (3) the parties had a meet-and-confer session on March 13; and (4) Plaintiffs thereafter identified the ten documents that they wished the Trustees to submit for *in camera* review (seven from the original group of thirty and three new documents).  Those ten documents are included separately herewith and discussed below as well as in the March 9, 2018 affidavit (Exhibit 1) (for the seven documents from the original group) and the March 16, 2018 affidavit (Exhibit 2) (for the three newly designated documents).

The above process helped the parties understand the issues and to explore possible compromises to resolve this dispute.  The vast majority of documents as to which the joint defense/common interest privilege has been asserted are documents related to  Such communications are protected by one or more of the attorney client, attorney work product and/or joint defense/common interest privileges.  *See* Discussion in Exhibit 1, ¶3.

As reflected in the Trustees' privilege logs, an attorney was identified for most documents related to [Redacted] However, in some instances, the privilege log entries do

Honorable Sarah Netburn, U.S.M.J.
March 16, 2018
Page 2

not name an attorney or law firm and it was those entries that Plaintiffs focused upon as part of the Court-ordered process. In reviewing and discussing those documents, we believe the parties each recognized that some of the original thirty identified documents were privileged while others were not. In discussing a possible compromise, it appeared that the central issue was determining how to identify an appropriate set of documents for further review and consideration. The Trustees believe that any further review process should balance the probative value in identifying non-privileged documents relating mostly to [Redacted] against the burden, cost and delay of such further review process. Plaintiffs' counsel indicated that they believe it fell to the Trustees to propose any such review process.

To that end, the Trustees propose that they will review all documents, including full email strings and attachments, for which the joint defense/common interest privilege was asserted but for which no attorney was identified on the privilege logs. As stated above, this appears to be the source group for the documents Plaintiffs identified during this process and the most likely location of documents that may not be privileged (as opposed to documents that identify an attorney as being involved). In their March 12, 2018 letter to the Court (the "March 12 Letter"), Plaintiffs identified "as many as 651 documents" on the Trustees' privilege logs that did not identify an attorney. The Trustees' review of their privilege logs identified 670 such documents. Thus, the Trustees propose that the parties compare notes and that the Trustee review such documents and either produce them, in whole or redacted form, or reassert a claim of privilege.

The ten documents that Plaintiffs identified for *in camera* review are addressed below and in Exhibits 1 and 2. The privilege log entries relating to each of these ten documents is attached as Exhibit 3. As to each of these ten documents, the Trustees asserted that they are subject to the attorney client, attorney work product and/or joint defense/common interest privileges.



    1.  [Redacted] The Trustees withdraw their claim of privilege for this document.

    2.  [Redacted] (Exhibit 1, ¶7.)

    3.  [Redacted] (Exhibit 1, ¶12.)

    4.  [Redacted]

Honorable Sarah Netburn, U.S.M.J.
March 16, 2018
Page 3



■ Redacted ■ (Exhibit 1, ¶15.)

5. ■ Redacted ■ (Exhibit 1, ¶16.)

6. ■ Redacted ■ (Exhibit 1, ¶21.)

7. ■ Redacted ■ (Exhibit 1, ¶30.)

8. ■ Redacted ■ (Exhibit 2, ¶3.)

9. ■ Redacted ■ (Exhibit 2, ¶4.)

10. ■ Redacted ■ (Exhibit 2, ¶5.)

Respectfully submitted,

*/s/ John M. Vassos*

John M. Vassos